EBEN COREY & another *vs.* CLINTON RIPLEY.

A discharge duly granted under the United States bankrupt act of 1867, when pleaded in bar to the further maintenance of an action for prior indebtedness, cannot be impeached in this court for any cause which would have prevented the granting of it, under § 29, or been sufficient ground for annulling it under § 24.

The authority to set aside and annul a discharge in bankruptcy, conferred upon the federal court by § 34, is incompatible with the exercise of the same power by a State court; and the former is paramount.

ON REPORT.

ASSUMPSIT on account annexed to the writ dated January 22, 1868.

At the April term, 1869, the defendant pleaded in bar of the further maintenance of the suit, a discharge in bankrupcy in the prescribed form, duly granted under the United States bankrupt act of 1867, and dated March 9, 1869, releasing him from all debts, &c., which existed on May 30, 1868, when he filed his petition.

The plaintiff, by his replication in due form, substantially alleged that the discharge is invalid for the reasons mentioned in § 29, and which would have prevented the granting of the discharge had the same been objected to in the United States court and the allegations proved.

Thereupon it was agreed to submit the case to the law court, with the agreement that if the discharge in bankruptcy cannot be impeached in this case, for any cause which, under said act, would have prevented the granting of the discharge, or would have been sufficient ground for annulling the discharge by the United States court as provided in said act, judgment is to be rendered for the defendant for his costs in the law court only.

*Shepley & Strout*, for the plaintiffs.

The action was commenced by personal service upon the defendant long before his commencement of proceedings in bankruptcy, whereby this court obtained full jurisdiction. While the cause was

pending in this court, the defendant pleaded his discharge in bar to the further maintenance of the suit, and the plaintiff replied the causes mentioned in United States bankrupt act of 1867, § 29. Is the discharge conclusive in a court having jurisdiction of the person and subject-matter of the suit? When a court has jurisdiction, it has a right to decide every question arising in the cause before it. *Peck* v. *Jenness*, 7 How. 618, 624.

The United States district court has exclusive jurisdiction of " all suits and proceedings in bankruptcy." Suit at bar is not a proceeding in bankruptcy, and although the plea of bankruptcy was interposed by the defendant, this court is as competent to entertain and judge of that plea as of any other. *Peck* v. *Jenness, supra. Smith* v. *McIver*, 9 Wheat. 632. *Wallace* v. *McConnell*, 13 Peters (S. C.), 136. *The Robert Fulton*, 1 Paine, 621. *Exparte Robinson*, 6 McLean, 355. *Stearns* v. *Stearns*, 16 Mass. 167, 171.

This court obtained jurisdiction prior to the commencement of the defendant's proceedings in bankruptcy, and that jurisdiction must extend to the final determination of all questions arising in the usual course of proceedings in the case. *Beekman* v. *Wilson*, 9 Met. 434. *Judd* v. *Ives*, 4 Met. 401. *Mallett* v. *Dexter*, 1 Curtis, C. C. R. 178. *Kittredge* v. *Emerson*, 13 N. H. 227.

The provisions of § 21 show that the jurisdiction of the State court is not devested by the commencement of proceedings in bankruptcy. Having jurisdiction, plaintiff will have judgment unless a valid defense is shown, which is attempted by putting in discharge. But by § 29, no discharge " shall be valid, if the bankrupt has sworn falsely," &c. Not that the discharge shall be invalid, if so declared by the court granting it, in a proceeding contemplated by § 34. By § 34 the discharge can be annulled only in certain cases, and only where the petitioning creditors had no knowledge of the causes of opposition, &c., at the time the discharge was granted. There is no such limitation or qualification in § 29.

If this court has jurisdiction to entertain the plea, it may also determine the validity and sufficiency of it; otherwise the parties must resort to a foreign tribunal to settle that question!

The discharge is *prima facie* valid; and when pleaded (if not annulled) the *onus* is upon him who attempts to impeach it, to establish some one of the causes mentioned in § 29.

By § 34 a method is provided whereby a creditor may, within two years, have a rehearing in the district court, and cause the discharge to be set aside and annulled, so that it could not be pleaded. Section 34 covers the cases where, without negligence, creditors had failed to oppose the granting of the discharge in the manner provided by § 31.

There is no provision providing that the discharge shall be conclusive when pleaded in a State court, and none which deprives this court of its jurisdiction to determine the validity of this plea, same as any other matter in defense.

The discharge operates as a " release " when " duly granted under the act," " with the exceptions aforesaid." The discharge is not " duly granted" when the bankrupt has " sworn falsely," or has been guilty of any of the acts which the law pronounces to be a fraud on its provisions.

The power to pronounce judgment upon the validity of the discharge is inherent, and forms a constituent element in the court. It is not derived from the bankrupt act, but from the Constitution. The analogies to be drawn from the decisions under the acts of 1800 and 1841, are in favor of this view.

A discharge, duly pleaded and admitted by the replication or demurrer to be in due form and otherwise valid, is made, by the paramount law of congress, a complete bar, and consequently defeats all liens and attachments which are mere securities for the satisfaction of a judgment to be recovered, but which in this case can never be recovered.

*Davis & Drummond*, for the defendant, elaborately argued the following propositions:

I. Proceedings in bankruptcy are in a court of record; and all decrees and judgments therein are of the nature of judgments *in rem*, and conclusive upon all, whether parties or otherwise. *Shew-*

*shaw* v. *Wherritt*, 7 How. 627 (17 Curtis, S. C. R. 328, 330, 331). Judgments *in rem* are conclusive upon everybody. *Voorhees* v. *U. S. Bank*, 10 Peters, 449, and cases *infra*. *Hunt* v. *Columbian Ins. Co.*, 55 Maine, 290, and cases *infra*. No defenses which might have been interposed to prevent the decree granting the discharge, can be admitted now to defeat it. *Rankin* v. *Goddard*, 55 Maine, 389.

II. The act of 1800 expressly provided that the discharge might be impeached by proving the same facts as would have prevented the granting of it, had they been shown in the court of bankruptcy.

III. So with act of 1841, § 4. The discharge granted under that act might be impeached "in all courts of justice," for the causes and in the manner therein stated; but for no other cause and in no other manner. *Chadwick* v. *Starrett*, 27 Maine, 138. See also, *Beekman* v. *Wilson*, 9 Met. 434; *Coates* v. *Blush*, 1 Cush. 564; *Humphreys* v. *Swett*, 31 Maine, 192.

IV. The exceptions to the conclusiveness of the discharge, made in the acts of 1800 and 1841, are not in the act of 1867. The methods given for impeachment in first two and not in the last, but a different method is provided, which alone can be adopted.

V. The discharge is final unless the plaintiff can bring himself "within an exception in the act."

VI. In reply: no question of jurisdiction or ousting of jurisdiction is involved. Defendant has pleaded a judgment which has discharged the plaintiff's original cause of action. The defendant desires to plead matters to avoid, which might have been pleaded to prevent that judgment.

A man is sued for goods furnished his wife at a certain date; he pleads in bar a divorce before that date. If plaintiff admits notice, jurisdiction, and decree of divorce, but replies that the divorce ought not to have been granted, because the libellant had been guilty of adultery, such replication would be no answer.

DICKERSON, J. Assumpsit on account annexed to the writ. The defendant pleaded a discharge in bankruptcy in bar of the further

maintenance of this suit. The plaintiff alleged, in his replication, that the defendant's discharge is invalid for the reasons set forth in § 29 of the bankrupt act of 1867.

According to the agreement of the parties, the law court is to decide whether the defendant's discharge in bankruptcy can be impeached in this court for any cause which would have prevented the granting of the discharge, under the bankrupt act, or would have been sufficient ground for annulling the discharge in the United States court, as provided in that act.

Section 29 of the bankrupt act of 1867, specifies the grounds which will prevent the granting of a discharge, or render one invalid when granted. After enacting that a discharge duly granted under this act shall be a full and complete bar on all suits, . . . and that the certificate of discharge shall be conclusive evidence of the fact and the regularity of such discharge, § 34 contains the following proviso: " Any creditor or creditors of said bankrupt, whose debt was proved or provable against the estate in bankruptcy, who shall see fit to contest the validity of said discharge, on the ground that it was fraudulently obtained, may, at any time within two years from the date thereof, apply to the court which granted it, to set aside and annul the same."

The question presented in this case did not arise under the bankrupt act of 1841, as that act made the bankrupt's discharge conclusive " in all courts of justice " (§ 4), unless it should be impeached for one of the causes stated in the act itself, and no tribunal was designated for testing its validity. This provision of the act of 1841, however, was held to restrict the action of courts, in impeaching the validity of the discharge of a bankrupt, to the causes and the manner therein specified. *Chadwick* v. *Starrett*, 27 Maine, 138. *Coates* v. *Bush*, 1 Cush. 564. *Humphrey* v. *Swett*, 31 Maine, 192.

By parity of reasoning, the mode of impeaching the validity of a discharge prescribed in the act of 1867, excludes all other modes ; and such, we think, is the true construction of that act. The proceedings in bankruptcy are statutory proceedings. The powers exercised and the remedies provided in bankruptcy, are given by

statute. The impeaching tribunal is specified, and this designation, according to well-established principles of interpretation, forms a part of the remedy, and excludes all others. *Dudley* v. *Mayhew*, 3 N. Y. 10. *Stevens* v. *Evans*, 2 Barr. 1157. *City of Boston* v. *Shaw*, 1 Met. 130.

The act of 1841 made the bankrupt's discharge "full and complete evidence of itself, in favor of such bankrupt . . . . in all courts of justice . . . unless the same should be impeached," for the causes and in the manner stated. That act, moreover, contains no such provision for determining the validity of a discharge in bankruptcy, as is provided in the act of 1867. The difference in the phraseology and the provisions of the two statutes is quite significant, and precludes the construction, so ingeniously contended for by the learned counsel for the plaintiff, that the same mode of testing the validity of the bankrupt's discharge obtains under both acts. Instead of subjecting the bankrupt to the liability of having the validity of his discharge called in question, in any and all suits that should be brought against him, on his debts proved or provable under the bankrupt act, for an indefinite time, the proviso, in the 34th section of the act of 1867, was intended to limit all contestants to the period of two years from the date of the discharge, and to the tribunal therein specified, in respect to the time and mode of annulling his discharge. The act in effect says to all such, "You have had an opportunity to prove your claims, and to show cause why your debtor should not receive his discharge in bankruptcy: you are allowed two years to impeach that discharge, before the tribunal that granted it: at the expiration of that period, you will have had your day in court, and must thereafter be forever silent," *interest reipublicæ est sit finis lititium*. There is but one way of impeaching a discharge in bankruptcy, under the bankrupt act of 1867, and that is the mode expressly provided in the thirty-fourth section of that act. It is by no means improbable that the experience of contesting the validity of such discharges before the State courts, taught congress the wisdom of restricting the jurisdiction over this subject to the federal courts.

But there are still more serious objections to the construction contended for by the plaintiff's counsel. The constitution of the United States confers upon congress the power to establish a uniform system of bankruptcy. This grant of power carries with it jurisdiction over the person and property of the bankrupt, and authority to provide courts, and all other instrumentalities necessary and proper to carry into effect the general purpose of a bankrupt law. The authority of congress over this subject being paramount to State authority, where it has provided a mode of dealing with a bankrupt's estate, that mode only can be pursued, and it would be an infringement of the paramount law, if State courts should adopt another and a different mode. The authority conferred by the bankrupt act of 1867 upon United States courts, to set aside and annul a discharge in bankruptcy, is incompatible with the exercise of the same power by a State court. If the validity of a discharge in bankruptcy may be impeached by a State court, this may be done, though such discharge had been declared valid, in the mode provided in the bankrupt act; and the anomaly would be presented of a discharge, recognized as valid by the courts of the United States, and invalid by a State court. *Sturgess* v. *Crowningshield*, 4 Wheat. 196. *Stetson* v. *City of Bangor*, 56 Maine, 286.

The distinction made by the counsel for the defendant, between actions brought before the debtor petitions to be admitted a bankrupt, and those brought afterward, is unsound. The authority of congress over the subject-matter is the same in both cases; and it has ever used that authority appropriately to reach that class of cases. In respect to the question at issue in the case at bar, the same principles govern in either case.

According to the agreement of the parties there must be—

*Judgment for the defendant, for his costs in the law court only.*

APPLETON, C. J.; CUTTING, WALTON, BARROWS, and DANFORTH, JJ., concurred.