JOHN W. BATCHELDER, ADMINISTRATOR OF THE ESTATE OF BETSEY AYER, *v.* ASA LOW.

*Bankruptcy. Evidence. Notice. Jurisdiction. Fraudulent Omission of Name of Creditor from Schedule. Discharge.*

It is a fundamental principle in relation to judicial proceedings that all persons between whom such proceedings are pending must have notice of them.

The Bankrupt Act recognizes this rule of law, and although the discharge of a bankrupt is peculiar in form and effect, it is an adjudication upon proceedings of which all parties interested should have all the notice which the law provides.

The discharge is to be pleaded in suits upon claims in the courts where pending, and those courts must to some extent determine the validity and effect of the pleas.

The provision in the bankrupt act that the discharge may be pleaded as a full and complete bar, does not show that matter which would invalidate it might not be replied to the plea.

The provisions of the bankrupt act do not prevent the plaintiff from contesting the validity of the defendant's discharge in this suit by alleging and showing that it was obtained upon proceedings of which he was fraudulently deprived of notice.

Batchelder, administrator, v. Low.

*Semble.* The provision that the certificate shall be conclusive evidence of the fact and regularity of the discharge relates to the mode of proof of the discharge, and not to the effect of it when proved.

*Semble.* Misconduct of the bankrupt with reference to property over which the United States district court has jurisdiction, and which belongs to persons over whom said court also has jurisdiction, can be inquired into only in that court.

ASSUMPSIT, declaring specially upon a promissory note signed by the defendant and payable to Betsey Ayer or order on demand. The note is correctly described in the special count, and the plaintiff presented no claim other than the note. Plea, the general issue, and the defendant's discharge in bankruptcy during the pendency of this suit, in bar. Replication that defendant fraudulently omitted the note in question from his schedule of debts, and also fraudulently omitted certain property from his schedule of assets. The defendant rejoined, traversing the replication, and on the rejoinder the plaintiff joined issue. Trial by jury.

The defendant offered in evidence his discharge, which is referred to. No question was made as to the correctness of the discharge in form, nor as to its authenticity.

The plaintiff then introduced testimony tending to support his replication, that defendant fraudulently omitted the note in suit from his schedule of debts, and also fraudulently omitted certain property mentioned in the replication from his schedule of assets ; that the note in suit was sold by said J. W. Batchelder, administrator as aforesaid, as assets of the estate of said Betsey Ayer, to J. W. Bliss, George Baldwin, and one Tillotson, and that the defendant had notice of that sale and purchase by them, and knew at the time of filing his petition in bankruptcy that the above persons were the owners of the claim, and that no notice of said petition or proceedings under it was given to either the said Bliss, Baldwin, or Tillotson, as is required by the act of Congress and the laws of the United States in relation to proceedings in bankruptcy ; but said Baldwin, the only one of the owners of said note who was used as a witness, admitted he heard people talk that defendant had filed his petition in bankruptcy, soon after it was in fact filed, and thought of it as a defense to this action, which was then pending in court. After introducing this evidence the plaintiff rested.

The defendant demurred to the sufficiency of the testimony and replication, and moved for a verdict for the defendant, notwithstanding the replication and evidence tending to support it, claiming that the defendant's discharge in bankruptcy could only be attacked under the bankrupt act in the United States court, and it being admitted that the note was a debt provable under the bankrupt act, the discharge was a bar to an action on the note in this court. The court so held, and ordered a verdict for the defendant, to which the plaintiff excepted.

*Dickey & Gambell* and *C. W. Clark*, for the plaintiff.

*R. Farnham,* for the defendant.

The opinion of the court was delivered by

WHEELER, J. From the recitals in the pleadings and the course of the argument, it is understood that the bankruptcy of the defendant was voluntary, and that the proceedings were had upon his own petition. He must have commenced the proceedings for the purpose of obtaining a discharge from such debts that he owed as were provable against his estate. He could not do this without giving up such property that he had as could be reached for them. He could not accomplish the whole without procuring two judicial determinations. One, that he was a bankrupt, whereupon his property would pass to an assignee for the benefit of the creditors. The other, that he was discharged from provable debts. The judgment of discharge was most important to him because that alone would relieve him from further personal liability. It was also important to the creditors, for it would cut off their claims to the same extent that it would relieve him from them. This judgment was between him and them and all of them would be proper parties to it. It is a fundamental principle, in relation to judicial proceedings, that all persons between whom such a proceeding is pending must have proper notice of it, and an opportunity to be heard in it before any judgment can be rendered upon it that will bind them. The bankrupt act recognizes this rule of law, and, in accordance with it, requires the bankrupt

to annex a schedule of the debts he owes, and the names of the persons to whom due, to his petition, and that personal notice shall issue out of the court of bankruptcy to each creditor named in the schedule. This schedule is the sole foundation for personal notice of the proceedings, at any stage of them, to creditors who are not already parties. Special notice of the application for a discharge, to creditors who have proved their claims, is required. But those having no notice of the proceedings would have no opportunity to prove their claims, and not having proved them, would not be served with this notice. No other notice of the application, except by publication, is provided. The defendant, therefore, by the schedule annexed to his petition and sworn to by him, furnished the only basis for personal notice direct to the creditors against whom he was proceeding to obtain this judgment of discharge. If he omitted this note and the name of the person to whom it was nominally, and the names of the persons to whom it was really due, he kept the foundation for notice of the proceedings, to those persons, away from the court of bankruptcy. If he did that fraudulently, and by that means they failed to receive notice, as in the replication is alleged, then he fraudulently deprived them of the notice of, and of the opportunity to be heard upon, the proceedings, which they were entitled to, and would have had, if he had made an honest schedule. An ordinary judgment obtained by such fraud would be wholly invalid everywhere as against the party imposed upon. This is not an ordinary judgment, and it might not be vitiated as to any party by a mere want of notice to him without any fault in that respect on the part of the person procuring it. As to that, however, no decision is now made or opinion expressed. But, although peculiar in form, and effect, it is an adjudication upon proceedings of which all parties interested should have all the notice which the law provides for them. And when the party procuring it fraudulently deprives such parties of all the direct notice that the law entitles them to, and proceeds to judgment without such notice to them, the judgment, such as it is, although it may be valid as to all persons who had notice, should be void as to those who did not. And if this defendant procured this judgment of discharge, as is alleged in

the replication, it should be and is invalid as to the nominal and the real plaintiffs. The right of the plaintiffs to compel payment of this note by suit is a common law right. When they commenced this suit, it was a proper proceeding to enforce their right. According to common principles, all questions concerning their right should be determined in it. The question concerning the validity of this discharge as against the plaintiffs with reference to this note should be settled in it with the other questions, unless the bankrupt act prevents.

That act provides a way for setting aside the discharge altogether, as to all persons ; but furnishes none for setting it aside as to some, and leaving it valid as to other persons. The fraud upon these plaintiffs did not injure the creditors who proved their claims. It probably benefitted them by keeping out the plaintiffs' claim from those upon which the estate was to be divided, and so lessening the amount of them and increasing the dividend upon them. So they have no just ground to complain on account of it. They became parties to the proceedings, and may have known of the omissions from the schedules before the discharge was granted. If so, they probably have no legal claim to have the discharge set aside on account of the omissions. The discharge, therefore, may be justly and legally valid as to other creditors and invalid as to the plaintiffs. If it is so, then the provision in the act for setting it aside altogether should not prevent the plaintiffs from showing that it is invalid as to them anywhere where the other creditors are not concerned. This provision in the act does not directly, and does not seem to impliedly prohibit inquiry into the validity of this discharge for this cause in this suit.

The provision in the act that the discharge may be pleaded as a full and complete bar, does not show that matter which would invalidate the discharge might not be replied to the plea. The discharge is to be pleaded in suits upon the claims in the courts where pending, and those courts must, to some extent, determine the validity and effect of the pleas. No other court could consider them and render any judgment upon them in those cases. The provision in the same section, that the certificate shall be conclusive evidence of the fact and regularity of the discharge, seems

to relate to the mode of proof of the discharge, and not to the effect of it when proved. Without this provision, proof of all the proceedings upon which the discharge is founded, by records or copies, would probably be necessary to make out the fact and regularity of it before a court. This provision substitutes the certificate of discharge for this proof, and declares that it shall have the same effect. These provisions concerning the pleading, proof and effect of a discharge are some like those in the constitution and laws of the United States concerning the proof and effect of the public acts, records and judicial proceedings of each state in the other states. It seems to be well settled that those provisions do not prevent inquiry into the validity of any judgment for want of notice or on account of fraud in procuring it, wherever it is sought to be enforced. This construction was settled long before the bankrupt act was passed, and must have been well known to the framers of that act. If they had intended that these provisions of that act should receive a different construction, they probably would have used language that would have expressed their intention clearly. A similar construction of these provisions seems more just and more consistent with well settled principles than one which would make the discharge conclusive as to all persons everywhere until set aside by the court which granted it. These are all the provisions of the act that appear to relate to this question. As now understood they do not prevent the plaintiffs from contesting the validity of this discharge as to them in this suit by alleging and showing that it was obtained upon proceedings of which they were fraudulently deprived of notice.

The omission from the schedule of assignable estate, concealment of it from the assignee and creditors, and appropriation of it by the defendant to his own use, would not injuriously affect the rights of the plaintiffs as now involved in this suit. Those things did not deprive the plaintiffs of notice of the proceedings of any opportunity to be heard in them. They would lessen the amount of the estate to be divided among the creditors who proved their claims, and would be a fraud upon the rights of those creditors. But they would not prevent the court of bankruptcy from acquir-

ing jurisdiction of any person nor take the jurisdiction away, or make the exercise of it invalid when acquired. That court had jurisdiction of the defendant and of his assignable estate and of the creditors who were made or became parties to the proceedings in bankruptcy so far as those proceedings extended. And if any of that estate was fraudulently concealed and not reached for the benefit of the creditors, it could correct the fraud and dispose of the property for the benefit of those entitled to it, and its proceedings in that respect would be conclusive upon all persons, probably. It does not now seem that any conduct of the bankrupt with reference to that property over which that court had jurisdiction which belongs to persons over which that court also had jurisdiction, should be inquired into anywhere except in that jurisdiction.

The county court having directed a verdict for the defendant notwithstanding the allegation of the plaintiffs that they were fraudulently deprived of notice of the proceedings in bankruptcy by the defendant, and the proof tending to support it, the judgment is reversed and the cause remanded for a new trial.