### Harvey N. Hill v. Henry S. Robbins.

*Application of payments.* Payments made from time to time, without application by a debtor who has received a discharge in bankruptcy, upon a running account for goods sold at different dates, partly before and partly after the granting of the discharge, where the creditor had no notice of the bankruptcy proceedings,. and was not named as a creditor in the bankrupt's schedules, and where the payments made, after the discharge was granted, exceeded in amount the goods purchased after that time, may be applied by the creditor to the items first due in the account.

*An error resting upon technical but inequitable grounds must appear clearly on the record.* A judgment will not be reversed to enable a defendant to avail himself of a possible defense which, even if good in law, is without equities, unless the error clearly appears from the record,

*Heard April 13. Decided April 13.*

Error to Oakland Circuit.

A sufficient statement of the case will be found in the opinion.

*A. C. Baldwin,* for plaintiff in error.

*O. F. Wisner,* for defendant in error.

COOLEY, J.

This case originated in justice's court, and some important questions under the bankrupt law have been argued upon the record.

The action was brought by Robbins, upon an account for stoneware cylinders. The defense was a discharge in

bankruptcy, which was granted on the nineteenth day of October, 1868, to date from the thirtieth day of May, 1868. The account began February 13, 1868, and the purchases up to May 30, 1868, had amounted to one hundred and forty-two dollars and forty cents, upon which fifty dollars had been paid. In August and September, 1868, there were further purchases, amounting to sixty dollars.  August 19, 1868, forty dollars was paid, and December 3, 1868, twenty-five dollars more.  Robbins also made a deduction for defective ware, of twenty-two dollars and sixty cents, leaving a balance due him of sixty-four dôllars and eighty cents.

Before considering the questions discussed under the bankrupt law, it is well to see whether they are of any importance in the case. The balance against Hill, when he went into bankruptcy, appears to have been ninety-two dollars and forty cents. Deducting from this the sum allowed for defective ware, the balance was sixty-nine dollars and eighty cents. The purchases, while the bankruptcy proceedings were pending, amounted to sixty dollars, and Hill paid sixty-five dollars, without any direction as to its application.

Robbins, it appears, resided in another state, and was neither named in the schedule of Hill's creditors, nor notified of the bankruptcy proceedings. It is nevertheless claimed that all that portion of his account which accrued previous to May 30, 1868, was barred by the discharge, and that the subsequent purchases and payments should be considered by themselves. As those payments would more than cover the purchases, Robbins, on this theory, would not only have no right of action, but would actually be Hill's debtor. Robbins, on the other hand, insists that, under a familiar rule of law, the payments made by Hill, not having been actually made in discharge of particular purchases, must be applied in their order to discharge the first items of his

account; and, if so applied, all purchases made since the commencement of the bankruptcy proceedings will still constitute a debt against Hill. We have been unable to discover any answer to this claim.

Assuming the discharge in bankruptcy to be valid, it did not relieve Hill from the moral obligation to pay his pre-existing debts. This moral obligation he was at liberty to recognize and discharge, if he saw fit to do so; and in this record we discover very satisfactory evidence that such was his intention at the time. Although not having named Robbins in his schedule of creditors, he continued an open account with him pending the proceedings, not only buying but making payments, without any direction that they should be applied to the new purchases. His omission to notify Robbins of his petition in bankruptcy can only be reconciled with honesty on the supposition, either that he was exceedingly thoughtless concerning his current business dealings and the rights of others in respect thereto, or that he fully intended to discharge the demand by payment. The subsequent payment by him of a sum in excess of his purchases after the bankruptcy proceedings commenced, is strong evidence of his understanding that the payments he made would be applied on the account generally, instead of being limited to the portion thereof not covered by the discharge. And as Robbins, having no knowledge of the bankruptcy proceedings, would naturally so apply them, there is no principle of law which will permit Hill, on a subsequent change of purpose, to make a different appropriation of the payment. He has no right to make Robbins his debtor against his will, by payments which the latter understands, and has a right to understand, are only his just due.

The result is that the sixty-five dollars paid since the commencement of the bankruptcy proceedings is applied, in

accordance with the apparent intention of both parties, towards satisfying the balance of account previously due, falling four dollars and eighty cents short of satisfying it, and leaving purchases since made, to the amount of sixty dollars, not paid.

The justice gave judgment for sixty-four dollars and eighty cents, which seems to have been the exact sum due upon the whole account, without allowing any interest. It might, therefore be inferred that the judgment was intended to be given for this balance, and in that case it would embrace four dollars and eighty cents, which Hill claims is covered by the discharge in bankruptcy; and then questions would arise whether, to that extent, Robbins had any demand which he could enforce at law. But the record does not by any means conclusively show that the four dollars and eighty cents were not allowed by way of interest on the sixty dollars, for which we think Hill unquestionably liable. It is very common, and is certainly just and equitable, to allow interest on balances which have been suffered to stand for more than six months; and if the justice in this case had computed interest after six months from the last payment, the total would have been almost the exact sum for which judgment was awarded. And as such an allowance in this case would have been in accordance with what is commonly expected by creditors and conceded by debtors, and as we cannot clearly see from this record that the justice did not reach his conclusion in this manner, we will not presume against it for the purpose of enabling Hill to avail himself of a possible defense which, even if good in law, would be without equities.

We think judgment should be affirmed, with costs.

The other Justices concurred.