## JOSEPH SYMONDS *vs.* CHARLES F. BARNES.

*Bankruptcy—discharge in—when not avoided.*

In order to avoid a defendant's discharge under the United States bankrupt Act of 1867, on the ground that the schedule verified by oath did not contain a statement of his debt to the plaintiff, and that the latter had no notice of the proceedings in bankruptcy, and did not prove his claim, it must appear that the omission was fraudulent and the affidavit willfully false.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court for this county.

ASSUMPSIT on a promissory note, dated April 21, 1853, given by the defendant to the plaintiff.

The defendant pleaded his discharge in bankruptcy, dated June 5, 1869.

The plaintiff replied that he ought not to be barred, because, that at the time of filing his petition in bankruptcy the defendant's schedule of debts, annexed to his petition or any amendment thereto, did not contain a statement of the debt in controversy as re-

quired by § 11 of the United States bankrupt act; that the defendant, at the time of filing his petition, or at any time afterwards, did not give to the marshal of the district, as messenger, the name of the plaintiff as one of the defendant's creditors; that the marshal did not serve written or printed notice by mail or personally upon the plaintiff; that the plaintiff has never received notice of the pendency of the proceedings in bankruptcy set forth in the plea; and that he never proved his said debt against the estate of the defendant in bankruptcy,

To this replication there was a demurrer and joinder.

The judge sustained the demurrer and adjudged the replication bad; whereupon the plaintiff alleged exceptions.

*Symonds & Libby*, for the plaintiff.

*J. D. & F. Fessenden*, for the defendant.

APPLETON, C. J.   By the bankrupt act of 1841 the discharge of a bankrupt might be impeached for fraud in any court in which it was pleaded in bar to a pending suit.

By the bankrupt act of 1867, § 34, it is enacted, "that a discharge duly granted under this act, shall release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy," unless his creditors should "see fit to contest the validity of said discharge on the ground that it was fraudulently obtained." This must be done in the court in which it was granted within two years, for some of the fraudulent acts of omission or commission particularly set forth in § 29.   Such was the construction given by this court to the act in *Corey* v. *Ripley*, 57 Maine, 69, and upon examining the debates, when the bill was under discussion, it will be seen that the effect there given to the discharge, unless set aside and annulled by the federal court granting it, was in strict conformity with the intention of congress.

The defendant pleads a discharge.   It is in due form of law. "An order of discharge will be sufficient evidence of bankruptcy and

Symonds *v.* Barnes.

of the validity of the proceedings thereon." Robson, Law of Bankruptcy, 458. The order proves itself. 1 Deacon on Bankruptcy, 800.

The plaintiff replies that his claim was omitted in the schedule of debts sworn to by the defendant. If the bankrupt " has willfully sworn falsely in his affidavit annexed to his . . . schedule or inventory," the court, granting the discharge, may, upon proceedings duly had before it, " set aside and annul the same."

But the plea contains no allegation of fraudulent conduct or willful false swearing. The court granting the discharge would not be authorized by the act " to set aside or annul the same." Much less would any other court.

Under the act of 1841 it was held, that a plaintiff could not avoid a discharge of his bankrupt debtor by merely showing that the defendant, in his petition in bankruptcy, omitted to insert the plaintiff's name, etc., to the sworn list of creditors, and that by reason of such omission, the plaintiff had no notice of the proceedings in bankruptcy, and could neither prove his claims against the defendant nor oppose his discharge. To avoid the discharge, by reason of such omission, it must be shown to be willful and fraudulent. *Burnside* v. *Brigham*, 8 Met. 75; *Mitchell* v. *Singletary*, 19 Ohio, 210.

The accidental omission of a creditor's name in the schedule of indebtedness is not made a ground for annulling and setting aside a discharge. The omission, to have that effect, must be fraudulent. The affidavit annexed to the schedule must be willfully false. Indeed, the act assumes that the schedule of debts may not be complete, for by § 11, the marshal is directed to serve "written or printed notice, by mail or personally, on all creditors upon the schedule filed with the debtor's petition, or whose names may be given to him in addition by the debtor." *Exceptions overruled.*

KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.

TAPLEY, J., concurred in the result.