PARKER & A. v. ATWOOD.

A discharge in bankruptcy, under the U. S. Act of 1867, cannot be impeached in a State court, on the ground that the bankrupt, in his proceedings in the U: S. court to obtain said discharge, was guilty of wilfully concealing part of his estate.

ASSUMPSIT, by Parker & Young against J. K. Atwood. The defendant pleaded a discharge in bankruptcy, granted by the U. S. district court, under the U. S. Act of 1867. The plaintiffs replied, " That the said defendant, in his proceedings in said district court to obtain said supposed discharge, was guilty of wilful concealment of part of his estate ; that he was the owner of certain real estate, situate in Lisbon in said county, being the homestead on which he then resided and still resides, of the value of six thousand dollars, and wilfully concealed his ownership thereof, during said proceedings, by permitting the legal title thereof to stand in the name of his wife, ——— Atwood, and wilfully neglecting to disclose his ownership thereof, contrary to the provisions of said act."

To this replication the defendant demurred.

*H. & G. A. Bingham,* for the plaintiffs.

*Carpenter* and *C. W. & E. D. Rand,* for the defendant.

SMITH, J. Sec. 29 of the U. S. Bankrupt Act of 1867 provides that " no discharge shall be granted, or if granted, be valid, if the bankrupt * * * has concealed any part of his estate * * *." Sec. 34 enacts that the certificate of discharge " shall be conclusive evidence in favor of such bankrupt of the fact and regularity of such discharge; always provided, that any creditor * * * who shall see fit to contest the validity of said discharge on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to set aside and annul the same." It is clear that the remedy thus prescribed in the act was intended to be exclusive ; and that " neither in any other mode, nor in any other court," can the discharge be attacked on the ground that the bankrupt

fraudulently concealed assets. Otherwise, the discharge might be invalidated in a State court, after the expiration of the two years limited for the commencement of proceedings in the U. S. court to annul it; and the discharge might be held valid in one court and invalid in another—results evidently not contemplated by the act of Congress. The authorities under the U. S. Bankrupt Act of 1841 are not in point. The provisions of the 4th section of that act differ widely from the 34th section of the Act of 1867. In the Act of 1841, no tribunal was specially designated for testing the validity of the discharge.

Our construction of the Act of 1867 is sustained by *Corey* v. *Ripley*, 57 Maine 69, and *Ocean National Bank* v. *Olcott*, 46 N. Y. 12. It is understood that the decision of the supreme court of Massachusetts, in *Way* v. *Howe* (not yet reported), supports this view.

The replication does not allege that the debt due to the plaintiff was omitted from the schedule filed by the bankrupt in the U. S. court; nor does it allege that the plaintiffs were, either innocently or fraudulently, deprived of notice of the bankruptcy proceedings. It is therefore unnecessary to discuss the questions considered in *Batchelder* v. *Low*, 43 Vt. 662, *Hill* v. *Robbins*, 1 Mich., *nisi prius*, 305, and *Symonds* v. *Barnes*, 59 Me. 191.　　　　　　　*Demurrer sustained.*