ARBUSTCI, The, (JUSTI PON v.) See Case No. 7,589.

ARCHBOLD, (GERMAN SAV. BANK v.) See Case No. 5,364.

ARCHEMBROUN, In re. See Cases Nos. 503, 504, and 505.

ARCHENBRAUN, In re. See Cases Nos. 503, 504, and 505.

## Case No. 503.

### In re ARCHENBROWN.

[8 N. B. R. (1876,) 429.]

District Court, E. D. Michigan.

BANKRUPTCY—PROOF OF DEBTS—EXPENSES OF ATTACHING CREDITORS.

[A claim by creditors of a bankrupt for the expenses of an attachment, begun by them against him before the commencement of bankruptcy proceedings, should not be allowed against the bankrupt estate. Gardner v. Cook, Case No. 5,226, followed.]

In bankruptcy.

By the register: Foreman & Friedlander presented for allowance an account. The following are the items:

Services of Dickenson & Dickenson, investigating said bankrupt's condition...... $10
County fee paid clerk of Wayne county said case in attachment............... 2
Clerk's fees in said suit, attorney's services in suit of attachment.................. 20

The allowance of this account being contested by the assignee, the register certifies the case to the district court, with the following opinion:

I do not think that the account ought to be allowed; because: 1st. It is not and does not claim to be an account for which the bankrupt is liable; and if it were, it could only be proved after the form prescribed by section twenty-two. 2d. It does not claim to be an account for disbursements incurred by a petitioning creditor in procuring the adjudication of bankruptcy. Such accounts have usually been allowed, because they are seen to have been incurred in the interest of all the creditors by taking proceedings which will bring the estate of the bankrupt within the power of this court, where an equitable distribution may be assured, according to the principles and policy of the bankrupt act. Nothing appears from the petition to show that the expenses here incurred were not solely for the benefit of the attaching creditors; and their proceedings, if they had not been interrupted by the proceedings in bankruptcy, would have resulted in the payment in full of the parties who make this application, at the expense of all other creditors. A result so hostile to the policy of the bankrupt act ought not, in my judgment, to be countenanced by the allowance of the claim here presented.

Hovey K. Clarke, Register.

## Case No. 504.

### In re ARCHENBROWN.

[11 N. B. R. (1875,) 149; 7 Chi. Leg. News, 99.]

District Court, E. D. Michigan.

BANKRUPTCY — SUFFICIENCY OF NOTICE — IDEM SONANS—RIGHTS OF CREDITORS—JURISDICTION.

[1. A notice in bankruptcy addressed to "Levley, New York," is insufficient as notice to Lawrence J. Levey, residing in New York.]

[2. Though a creditor has had no notice of, and has not proved his debt nor received any dividend in, bankruptcy proceedings, he cannot proceed by action at law against the bankrupt, pending an application for his discharge, under Act 1867, §§ 33, 34, which provide that a discharge shall release the bankrupt from all claims which "might have been proved against his estate in bankruptcy," except such as were created by fraud or in a fiduciary character. His remedy is to oppose a discharge.]

[Cited in Lamb v. Brown, Case No. 8,011.]

[3. The court obtains full jurisdiction of the proceeding by petition, adjudication, and warrant, and not by notice to the creditors.]

[In bankruptcy. Archenbrown was adjudicated a bankrupt on creditor's petition on November 6, 1872; and his estate was subsequently collected and distributed. Lawrence J. Levey, a creditor, sued the bankrupt, at law, for the collection of a debt; and the bankrupt petitioned, under section 21, to enjoin the prosecution of the suit until the determination of the question, then pending, of the bankrupt's discharge. An order for the creditor to show cause having been made and served, he appeared, and for cause showed that the bankrupt did not include his name in the list of creditors furnished to the marshal; that he received no

notice of the bankruptcy proceedings; that he was not informed of such proceedings till long after; that his debt was not proved therein; and that he had received no dividends. Petition granted.]

Mr. Dewey, and Chipman & Dewey, for petitioner.

Mr. Burt, and Burt & Clark, for Levey.

LONGYEAR, District Judge. On an inspection of the list of creditors furnished by the bankrupt to the marshal, I find that the name of Lawrence J. Levey does not appear therein; and there is no proof on file that any notice was sent to or served upon him, or that his name and address was furnished to the marshal in any manner whatever. The attention of the court was called, however, to the following appearing upon said list, viz.: "Levley, New York, 400;" and it is claimed, that this was meant for Lawrence J. Levey, the respondent, and the court is asked so to construe it. It appears by the records that the notices were sent by mail, addressed as indicated by the list of creditors. It certainly needs no argument to show that a notice addressed to "Levley, New York," without any other description or designation, cannot be presumed to have reached Lawrence J. Levey, notwithstanding that he resides and did business in New York. The two names are not idem sonans, and cannot, by any stretch of construction, be held to be the same in any respect whatsoever. The case is therefore one in which the name of the creditor sought to be restrained from prosecuting his suit at law to await the determination of this court upon the bankrupt's application for a discharge was entirely omitted, and who had no notice of and has not proved his debt or received any dividends in the bankruptcy proceedings. If a discharge, under the provisions of the act, may be a bar under such circumstances in any case, the proceedings at law must be stayed (in the absence of any objection that the application for a discharge has not been made and prosecuted with reasonable diligence), and the creditor must come into this court and oppose the granting of the discharge in the mode pointed out by the act, if he would avoid such bar, otherwise he ought not to be delayed in the prosecution of his suit.

By section 34 of the act of 1867 it is provided "that a discharge duly granted under this act shall, with the exceptions aforesaid, release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy. * * * Always provided, that any creditor or creditors of said bankrupt whose debt was proved or provable against the estate in bankruptcy, who shall see fit to contest the validity of said discharge on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to set aside and annul the same." The "exceptions aforesaid" are those mentioned in the first clause of section 33, viz.: Debts created by fraud or embezzlement, by defalcation as a public officer, or while acting in any fiduciary character. The present case does not come within the exceptions; and, being a debt which "might have been proved" against the bankrupt estate in bankruptcy, it clearly comes within the category of "debts, claims, liabilities, and demands," as to which a discharge is declared by section 34 to be a release.

But it was contended that the court has no jurisdiction of a debt. etc., of a creditor whose name was omitted from the schedule, and who received no notice of the bankruptcy proceedings, nor voluntarily submitted himself to the jurisdiction of the court by proving his debt and receiving dividends in the bankruptcy proceedings. This position, at first impression, seems very reasonable, and there have been some decisions in its support. Anon., [Case No. 457;] Barnes v. Moore, 2 N. B. R. 573; In re Hall, [Case No. 5,922;] Perkins v. Gay, 3 N. B. R. 772. But unfortunately, perhaps, for the position contended for, jurisdiction is not made by the act to depend upon the correctness of the schedule of creditors, or that the creditors actually received notice of the proceedings. Provision is made for a schedule of creditors, and also for notice to creditors personally, or by mail and by publication; but jurisdiction, either of the proceedings or to grant a discharge, is not made to depend upon the correctness of the schedule or the actual reception of such notice by the creditors. The court obtains full and complete jurisdiction for all purposes whatsoever by the petition, whether voluntary or involuntary, adjudication, and warrant. Provision is made, however, by section 29, for defeating the granting of a discharge, and by section 34 for the annulling of the same when once granted, on the grounds here alleged, under certain restrictions and limitations; and creditors like Mr. Levey, who have been omitted from the schedule, must avail themselves of the provisions of those sections, if they would avoid their debts being barred by the granting of a discharge. So long as they do not do so the presumption is that their debts will be released by a discharge if granted, and they must be restrained in the prosecution of suits upon such debts until the question of the granting of a discharge shall have been determined in the bankruptcy court. Hill. v. Robins, 22 Mich. 475, 478; Symonds v. Barnes, [59 Me. 191;] Payne v. Able, 4 N. B. R. 220; Corey v. Ripley, [57 Me. 69.] Prayer of petition granted.