Scott, Chief Judge.
The sole question in this case is, whether a discharge duly granted under the bankrupt act of Congress, enacted in 1867, when pleaded in bar to an action brought in a state court for prior indebtedness, can be impeached in such state court on the ground that it was obtained by fraud. Both on principle, and authority, this question must be answered in the negative.
The 34th section of the bankrupt law of 1867, contains the following proviso: “ Any creditor or creditors of said *341 bankrupt, whose debt was proved or provable against the estate in bankruptcy, who shall see fit to contest the validity of said discharge, on the ground that it was fraudulently obtained, may, at any time, within two years from the date thereof, apply to the court which granted it, to •set aside and annul the same.” The act itself having thus prescribed the forum, mode, and time for the direct impeachment of a discharge on the ground of fraud in obtaining it, the remedy thus given is exclusive. The authorities, on this subject, are quite uniform, and render a discussion of the question unnecessary. The policy of the law accords with the maxim, “Interest reipublicce ut sit finis Zitiumf and forbids the discharge to be collaterally impeached. Corey v. Ripley, 57 Me. 69; Linn et al. v. Hamilton et al., 34 N. J. 305; Ocean Nat. Bank v. Olcott, 46 N. Y. 12; Parker v. Atwood, 52 N. H. 181; Way v. Howe, 108 Mass. 502; Payne v. Able, 7 Bush. (Ky), 344.
It follows that the Court of Common Pleas erred in overruling the demurrer to the replication of the plaintiff bemw ; in admitting evidence in support of the replication, .and in its charge to the jury.

Judgment of District Court and of Common Pleas reversed, •and cause remanded.

Day, Wright, Johnson, and Ashburn, JJ., concurred.