## MARSHALL v. SUMNER.

The validity of a discharge under the United States bankrupt act of 1867 (U. S. Rev. St., s. 5120) cannot be contested in a state court.

ASSUMPSIT, on a note dated May 23, 1871. The defendant pleaded his discharge in bankruptcy, obtained March 12, 1878. The plaintiff replied, that he had no notice of the bankruptcy proceedings, that the note in suit was fraudulently omitted from the defendant's schedule of his debts, and that the defendant fraudulently omitted certain property from his schedule of assets. The defendant demurred.

*Whidden*, for the plaintiff.

*Carpenter*, for the defendant.

FOSTER, J. The Revised Statutes of the United States (s. 5110) declare " that no discharge shall be granted, or, if granted, shall be valid, * * * if the bankrupt has concealed any part of his estate or effects, * * * or has been guilty of any fraud or negligence in the * * * delivery to the assignee of the property belonging to him at the time of the presentation of his petition and inventory, excepting such property as he is permitted to retain."

Section 5119 provides that the certificate of discharge " shall be conclusive evidence, in favor of such bankrupt, of the fact and the regularity of such discharge."

Section 5120 provides that any creditor, " who desires to test the validity of the discharge on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to annul the same."

In *Parker* v. *Atwood*, 52 N. H. 181, it was said,—" The remedy thus prescribed in the act was intended to be exclusive, and neither in any other mode nor in any other court can the discharge be attacked on the ground that the bankrupt fraudulently concealed assets. Otherwise the discharge might be invalidated in a state court, after the expiration of the two years limited for the commencement of proceedings in the United States court to annul it; and the discharge might be held valid in one court and invalid in the other—results evidently not contemplated by the act of congress. The authorities under the U. S. bankrupt act of 1841 are not in point. * *. * No tribunal was specially designated by that act for testing the validity of the discharge." The views of the court thus expressed are sustained by numerous authorities. *Corey* v. *Ripley*, 57 Me. 69; *Ocean Nat. Bank* v. *Olcott*, 46 N. Y. 12; *Way* v. *Howe*, 108 Mass. 502; *Hunt* v. *Taylor*, ib. 508; *Burpee* v. *Sparhawk*, ib. 111; *Smith* v. *Ramsey*, 27 Ohio 339.

The special matter of the plaintiff's first replication was not considered in *Parker* v. *Atwood*. In *Batchelder* v. *Low*, 43 Vt. 662, it was decided that "the provisions of the bankrupt act do not prevent the plaintiff from contesting the validity of the defendant's discharge, by alleging and showing that it was obtained upon proceedings of which he was fraudulently deprived of notice." But it is to be observed in this case that the discharge in bankruptcy was not obtained until after the commencement of the plaintiff's action. which may distinguish it from cases apparently in conflict with it. See 5 Am. Reports, 311, and 28 *ib.* 677, *note.*

The reasoning upon which the authorities already cited are founded applies with equal force to the case where the alleged fraud consists in the omission of the creditor's name from the bankrupt's schedule. Such fraud, like the fraudulent concealment of assets, invalidates a discharge, under the provisions of *s.* 5110 of the U. S. Rev. St., and therefore furnishes a ground for an application to set it aside in the manner prescribed by *s.* 5120. The last named section provides a remedy to try the validity of a discharge in all cases of alleged fraud, under *s.* 5110. It is impossible to hold that this remedy is exclusive in one class of cases, and not exclusive in others. The point of the effect of want of notice was avoided in the decision of *Burpee* v. *Sparhawk*, before cited; but it was expressly considered and decided in accordance with the views we have expressed, in *Black* v. *Blazo*, 117 Mass. 17; *Rayl* v. *Lapham*, 27 Ohio 452; *Howland* v. *Carson*, 28 Ohio 625; *Payne* v. *Able*, 7 Bush. 344; *Wiley* v. *Pavey*, 61 Ind. 457.

*Demurrer sustained.*

STANLEY, J., did not sit: the others concurred.