THE STATE, WILLIAM C. VANDOREN, PROSECUTOR, v. CORNELIA M. GASTON.

1. A discharge in bankruptcy need not be pleaded in a court for the trial of small causes.

2. In an action of debt in that court, such a discharge of the defendant was proved. *Quære.* Whether its validity could be attacked on the. ground of a fraudulent omission of the plaintiff's name and debt from the schedule annexed to defendant's petition in bankruptcy?—And *Held,* that, if a discharge can be thus attacked, it will not be invali-

dated unless the omission is shown to have been fraudulent, and the affidavit to the schedule willfully false.

3. The action, in which the discharge was proved, was on a debt provable in the bankruptcy proceeding, and there was no evidence that it was one excepted from the discharge under the provisions of section 5117, or of section 5118, of the United States Bankrupt law, or that a valid new promise to pay the debt had been made. *Held,* that a judgment in favor of the plaintiff was erroneous in law.

On *certiorari.*

Argued at November Term, 1889, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutor, *J. G. Shipman* and *G. M. Shipman.*

For the defendant, *H. S. Harris.*

The opinion of the court was delivered by

MAGIE, J. The record brought here by this writ discloses a judgment of the Warren Common Pleas in favor of defendant and against prosecutor, on an appeal from a like judgment in an action of debt in the court for the trial of small causes.

The reasons filed assail the judgment, not for any error appearing in the record, but on the ground that there was no evidence to support it. The contention is, (1) that the evidence produced by defendant (who was plaintiff below) did not establish the debt, and (2) that prosecutor (who was defendant below) proved his discharge in bankruptcy, which was a bar to the action.

To establish errors not disclosed on the record, a prosecutor in *certiorari* must bring here the facts on which he relies in the manner required by the rules and settled practice of the court.

There was no state of the case agreed on. Prosecutor obtained a rule of this court, which, as entered, required the Pleas to certify a "statement of the facts proved" and a "statement of what papers were offered before them."

We have had occasion at this term to point out the correct practice in respect to such rules, and, according to the conclusions then reached, this rule is much too general. It should have specifically required responses as to such facts as would have disclosed the errors at which the reasons were pointed.

The return is more general than the rule. While it discloses some facts proved, it is made up of the oral evidence given at the trial without the conclusions of the court below thereon.

There is, however, sufficient in the return to enable us to dispose of the case, upon the point raised as to the effect of the proof of prosecutor's discharge in bankruptcy.

It appears by the record, that the action was for goods sold between March, 1875, and April, 1876.

The return shows, that in the course of the trial, prosecutor offered, and the court admitted in evidence, a certificate of his discharge in bankruptcy, by the United States District Court for the District of New Jersey, of a later date than the last item of the claim in suit.

Defendant's counsel contends, that this certificate was improperly admitted in evidence, because it was not pleaded, and because the certificate itself was not sufficient proof.

But while section 5119 of the United States Bankrupt law provided how a discharge might be pleaded, it did not require that it should be pleaded in courts the practice of which is special and peculiar. By the acts relating to courts for the trial of small causes, no pleas are necessary except pleas of title and set off.

By the same section the certificate, the form of which is prescribed by section 5115 (to which the certificate returned conforms), is made conclusive evidence in favor of the bankrupt of the fact and the regularity of such discharge.

It is next contended, that no effect should have been given to the discharge as against the plaintiff below, because it was admitted, in the course of the trial, that her name had not appeared in the bankruptcy proceedings. The insistment is, that it thus was shown that she had not been recognized as a

creditor by prosecutor when he filed his petition in bankruptcy ; that her name was not included in the schedule annexed to the petition nor in any supplementary schedule, and so that she had no personal notice either of the original proceedings or of the application for discharge.

But the Bankrupt law does not require personal notice of the application for discharge. By section 5109, notice of the time appointed for hearing such an application is required to be given by mail to those creditors who have proved their debts ; but notice is also required to be given by publication in newspapers designated by the court. Since, by section 5119, the discharge is declared to release the bankrupt from all debts which were provable against him in the proceeding, except debts of a certain kind enumerated in the two preceding sections, it would seem that the publication of the notice was designed as constructive notice to all creditors who had not proved their debts.

By section 5110, it is provided that no discharge shall be granted, or, if granted, shall be valid, in certain cases therein enumerated, among which is the case of the bankrupt having willfully sworn falsely in his affidavit annexed to his schedule.

The schedule is required to contain a true and full statement of debts, and to exhibit, as far as possible, to whom each debt is due. It must be verified by petitioner's oath.

A willfully false affidavit to a schedule will not only be ground for refusing the discharge applied for, but it will also be ground for annulling the discharge, on the application of any creditor whose debt was proved or provable in the proceedings, made to the Bankrupt Court at the time and in the manner provided for by section 5120.

There is a well known and serious divergence of views respecting the effect of a discharge in bankruptcy.

In some states, the act is construed to permit the court wherein a discharge is set up to determine its validity and to pronounce against it if any of the causes which, by section 5110, are declared to be grounds for refusing to grant it, are made to appear. But, in such cases, it is held that, to over-

come the discharge on the ground here relied on, there must be proof that the omission of the creditor's name from the schedule was fraudulent, and the affidavit thereto willfully false. The following cases present this view: *Batchelder* v. *Low*, 43 *Vt.* 662; *Symonds* v. *Barnes*, 59 *Me.* 191; *Payne* v. *Able*, 7 *Bush* (*Ky.*) 344; *Knabe* v. *Hayes*, 71 *N. C.* 109; *Beardsley* v. *Hall*, 36 *Conn.* 270; *Jones* v. *Knox*, 51 *Ala.* 367; *Thornton* v. *Hogan*, 63 *Mo.* 143.

The Bankrupt law of 1841 had a similar clause which was thus construed. *Burnside* v. *Brigham*, 8 *Metc.* 75; *Magoon* v. *Warfield*, 3 *Greene* (*Iowa*) 293. But that act contained no provision by which a discharge could be judicially annulled by the court which had granted it.

In other cases, the view taken is, that the discharge of a bankrupt cannot be attacked collaterally, but only by the proceeding prescribed for annulling it in the court which granted it, by the provisions of section 5120. The following cases indicate this view: *Thurmond* v. *Andrews*, 10 *Bush* (*Ky.*) 400; *Stern* v. *Nussbaum*, 47 *How. Pr.* 489; *Ocean National Bank* v. *Olcott*, 46 *N. Y.* 12; *Blum* v. *Rich*, 39 *Tex.* 112; *Thomas* v. *Jones*, 39 *Wis.* 124; *Corey* v. *Ripley*, 57 *Me.* 69; *Heard* v. *Arnold*, 56 *Ga.* 570; *Way* v. *Howe*, 108 *Mass.* 502; *Brown* v. *Covenant*, 86 *Mo.* 55.

This court has already expressed a doubt whether the validity of a discharge could be questioned on the ground that it was fraudulently obtained. *Linn* v. *Hamilton*, 5 *Vroom* 305.

It is unnecessary to determine which of these divergent views ought to be adopted. For, if the discharge can be here assailed, it can only be overcome by proof that the omission of the creditor's name was fraudulent, which is not made to appear in this case.

The contention that, since plaintiff was shown not to have been named in the schedule, prosecutor was bound to show constructive notice by publication, cannot prevail, for publication was essential to the decree of discharge, and the certificate is plenary proof of the regularity of the discharge.

The result is, that the discharge was an absolute bar to the claim sued on, and judgment to the contrary could not legally have been pronounced, unless it appeared that the claim was not provable in the bankruptcy proceedings, or proof was made that the debt was excepted from the discharge, under the provisions of section 5117, or of section 5118, of the Bankrupt law, or that prosecutor had made a promise to pay the debt valid under section 8 of our Revised Statute of Frauds, &c.

The record shows that the debt was a provable one, and the return, though irregularly made, shows that there was no evidence that the debt fell under the provisions of either of the last named sections of the Bankrupt law, or that it had been renewed by a valid new promise.

The judgment in favor of the plaintiff below notwithstanding the discharge, was based on no evidence, and was erroneous in law. It must be reversed, with costs.