SAMUEL A. WAY *vs.* NELSON HOWE.

ın an action in a state court on a debt provable in proceedings against the defendant under the U. S. bankrupt act of 1867, *c.* 176, and of a nature to be barred by a valid discharge in those proceedings, the validity of a discharge granted to him therein cannot be impeached on account of a fraudulent conveyance of his property, but the remedy given by application to the district court of the United States under § 34 is exclusive.

CONTRACT on a promissory note made by the defendant. The answer set up a discharge in bankruptcy granted to him by the district court of the United States for the district of Massachusetts, in proceedings begun under the United States bankrupt act

of 1867, *c.* 176, after the making of the note. The plaintiff replied that the discharge was invalid, because the defendant, before his bankruptcy and in contemplation thereof, transferred part of his property for the purpose of preventing it from coming into possession of the assignee in bankruptcy and being distributed under the act in satisfaction of his debts.

At the trial in the superior court, before *Devens*, J., it was admitted by the plaintiff that the claim in suit was provable (though not proved) against the defendant's estate in bankruptcy ; and that the discharge was granted as alleged, and if valid would bar the action. But the judge ruled that the plaintiff, " for any such reasons as are set forth in the replication, could not impeach or invalidate in this court the said discharge," and directed a verdict for the defendant, which was returned, and the plaintiff alleged exceptions.

*G. S. Hillard*, for the plaintiff.

*C. S. Lincoln*, for the defendant.

GRAY, J. This case presents the question whether a certificate of discharge, granted by the district court of the United States under the bankrupt act of 1867, *c.* 176, can be impeached in a state court (in an action brought upon a debt which was provable against the estate in bankruptcy and which was of a nature to be barred by a valid discharge) on account of a fraudulent conveyance of property by the bankrupt.

It is not doubted that Congress, under the power to establish a uniform system of bankruptcy, may prescribe the conditions upon which a certificate of discharge shall be granted, and the extent and degree of its effect, and that the question before us is therefore to be determined by the provisions of the statute. *Payson* v. *Payson*, 1 Mass. 283. *Burnside* v. *Brigham*, 8 Met. 75. Those provisions, so far as they are material to the question at issue, are as follows :

By the first section, the district courts of the United States are constituted courts of bankruptcy with original jurisdiction in their respective districts in all matters and proceedings in bankruptcy, and authority to hear and adjudicate upon the same according to the provisions of the act.

By § 21, "no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge: provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge;" and provided also that the suit may, by leave of the court in bankruptcy, proceed to judgment for the single purpose of ascertaining the amount due.

By § 29, the bankrupt, within the time therein limited, and not exceeding in any case a year from the adjudication of bankruptcy, "may apply to the court for a discharge from his debts, and the court shall thereupon order notice to be given by mail to all creditors who have proved their debts," and by publication in the newspapers, "to appear on a day appointed for that purpose, and show cause why a discharge should not be granted to the bankrupt;" and "no discharge shall be granted, or, if granted, shall be valid," if the bankrupt has made any fraudulent conveyance of his property, or done either of certain other acts therein enumerated.

By § 31, "any creditor opposing the discharge of any bankrupt may file a specification in writing of the grounds of his opposition, and the court may in its discretion order any question of fact so presented to be tried at a stated session of the district court."

Section 32 provides that, if it shall appear to the court "that the bankrupt has in all things conformed to his duty under this act, and that he is entitled under the provisions thereof to receive a discharge, the court shall grant him a discharge from all his debts except as hereinafter provided," and shall give him a certificate thereof in a form prescribed.

Section 33 provides that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act."

Section 34 provides that " a discharge duly granted under this act shall, with the exceptions aforesaid, release the bankrupt from all debts, claims, liabilities and demands which were or might have been proved against his estate in bankruptcy ; and may be pleaded by a simple averment that on the day of its date such discharge was granted to him, setting the same forth *in hæc verba,* as a full and complete discharge to all suits brought on any such debts, claims, liabilities and demands ; and the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge : always provided, that any creditor or creditors of said bankrupt, whose debt was proved or provable against the estate in bankruptcy, who shall see fit to contest the validity of said discharge on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to set aside and annul the same. Said application shall be in writing, shall specify which, in particular, of the several acts mentioned in section twenty-nine it is intended to give evidence of against the bankrupt, setting forth the grounds of avoidance ; " and if, after notice and hearing, the court shall find that any of the fraudulent acts alleged are proved, " and that said creditor or creditors had no knowledge of the same until after the granting of said discharge, judgment shall be given in favor of said creditor or creditors, and the discharge of said bankrupt shall be set aside and annulled ; " but if the court shall find that all the fraudulent acts alleged are not proved, " or that they were known to said creditor or creditors before the granting of said discharge, then judgment shall be rendered in favor of the bankrupt, and the validity of his discharge shall not be affected by said proceedings."

The words " with the exceptions aforesaid " in § 34, like the words " except as hereinafter provided " in § 32, clearly refer to those debts which by the intermediate section are declared not to be barred by any discharge under the act.

With this reservation, § 34 explicitly declares that " a discharge duly granted under this act " (that is to say, by the court and in the manner already pointed out) " shall release the bankrupt from all debts, claims, liabilities and demands which were or

might have been proved against his estate in bankruptcy," and "may be pleaded as a full and complete discharge to all suits brought thereon," as well as that "the certificate shall be conclusive evidence in favor of such bankrupt of the fact and regularity of such discharge."

The only restriction upon these sweeping and comprehensive words is to be found in the ensuing proviso in the same section, which allows any creditor, whose debt was either proved or provable against the estate in bankruptcy, to apply to the court of bankruptcy within two years afterwards, and upon alleging and proving either of the causes mentioned in § 29, and also proving his own ignorance thereof until after the granting of the discharge, to obtain a judgment setting aside and annulling it. If he fails to prove either such fraudulent act of the bankrupt, or such ignorance on his own part, judgment is to be rendered in favor of the bankrupt, and the validity of the discharge is not affected.

The decisions under the insolvent laws of this Commonwealth, or the earlier bankrupt acts of the United States, are inapplicable to this case; because the former contained no provision for entirely setting aside or annulling a discharge once granted, and therefore its invalidity for any of the causes specified in them could only be alleged and proved whenever the discharge was pleaded in any action on a debt; and in the latter the right to impeach the discharge in any such action was expressly reserved. St. 1838, *c.* 163, § 10. Gen. Sts. *c.* 118, §§ 87, 88. U. S. Sts. 1800, *c.* 19, § 34; 1841, *c.* 9, § 4.

The intention of congress, in the bankrupt act of 1867, in omitting any such reservation in §§ 29 and 34, and in giving a new proceeding by which any creditor, whose debt was proved or provable, may, upon proving a fraudulent act of the bankrupt, have the discharge set aside and annulled, if that act was unknown to him before the discharge was granted, but not otherwise, appears to us to have been, that the question of the discharge of the bankrupt from all debts and claims whatever (except of those classes which are declared not to be affected by any certificate of discharge) should be finally and conclusively settled by

the court of bankruptcy within a moderate time, leaving the bankrupt, if he prevails on such trial of that issue, free from future suit, molestation or embarrassment on account thereof; and that every creditor should be obliged to try the question of the validity of the discharge, if at all, while the facts upon which it depends are comparatively recent, and in such a manner as to enure to the benefit of all the creditors if the discharge is annulled, and should not be allowed to wait until the period prescribed by the general statutes of limitations has nearly expired, and the bankrupt has perhaps established himself anew in business and suffered the means of disproving the charges against him to pass beyond his reach, and then bring a suit to which the other creditors are not parties, and thus harass him on account of his old debts, and obtain an inequitable advantage over them. It follows, that the remedy given by application to a district court of the United States under § 34 of the bankrupt act is exclusive of any other mode of impeaching the validity of a discharge, either in the federal or in the state courts, on account of a fraudulent conveyance by the bankrupt in violation of the bankrupt act. *Simms* v. *Slacum*, 3 Cranch, 300, 308. *Crocker* v. *Marine National Bank*, 101 Mass. 240, and authorities cited.

This conclusion is supported by an able judgment of the supreme court of Maine in *Corey* v. *Ripley*, 57 Maine, 69, and by a decision of the court of appeals of New York in *Ocean National Bank* v. *Olcott*, 46 N. Y. 12. See also *Linn* v. *Hamilton*, 5 Vroom, 305. The opposing decision in *Beardsley* v. *Hall*, 36 Conn. 270, appears to have been made without a thorough examination of the provisions of the act of congress.

We are therefore of opinion that it was rightly ruled by the superior court that the defendant's discharge in bankruptcy could not be impeached or invalidated in this action for the cause stated in the replication. *Exceptions overruled.*