GEORGE N. BLACK *vs.* WILLIAM A. BLAZO.

Suffolk. Nov. 16, 1874. — Jan. 11, 1875. WELLS & DEVENS, JJ., absent.

The validity of a discharge under the United States Bankrupt Act of 1867, *c.* 176, § 34, cannot be contested in a state court, even for fraudulent omission to give the plaintiff notice of the proceedings in bankruptcy.

CONTRACT on a promissory note. Trial in the Superior Court before *Pitman*, J., who ordered a verdict for the defendant, and reported the case for the determination of this court. The nature of the case appears in the opinion.

*R. D. Smith*, for the plaintiff, cited *Batchelder* v. *Low*, 43 Vt. 662; *Payne* v. *Able*, 7 Bush, 344; *Hoyles* v. *Blore*, 14 M. & W. 387.

*C. G. Keyes*, for the defendant.

MORTON, J. This is an action of contract upon a promissory note. The defence was a discharge in bankruptcy. The plaintiff filed a replication alleging that the plaintiff's name was fraudulently omitted from the schedule of creditors filed in the bankruptcy proceedings by the defendant, that the plaintiff had no notice of the proceedings, and that therefore the defendant's discharge was invalid. The Superior Court correctly ruled that the defendant's discharge " could not be impeached in this court for any reasons " set forth in the replication.

The case of *Way* v. *Howe*, 108 Mass. 502, is decisive against the plaintiff. In that case the fraud alleged was a fraudulent conveyance by the bankrupt in violation of the bankrupt act, and the judgment of the court proceeded upon the ground that the remedy given by application to a District Court of the United States, under the thirty-fourth section of the bankrupt act, is exclusive of any other mode of impeaching the validity of a discharge, either in the federal or the state courts, on account of such fraud.

The reasoning of the court upon which that judgment is founded applies with equal force to a case where the alleged fraud is the fraudulent omission of the creditor's name from the bankrupt's schedule. This fraud, like a fraudulent conveyance of property, invalidates a discharge under the twenty-ninth section of the bankrupt law, and therefore furnishes a ground for an ap-

plication to set it aside under the thirty-fourth section. *Burpee* v. *Sparhawk*, 108 Mass. 111. The last named section provides in the same breath for a remedy to try the validity of a discharge, in all cases of alleged fraud under the twenty-ninth section. It is impossible to hold that this remedy is exclusive in one class of cases and not exclusive in others.

As the general subject has been fully considered in the two recent cases above cited, we merely refer to those cases and the authorities therein cited, without restating the arguments.

*Judgment on the verdict.*