Scott, Chief Judge.
The original action in this case-was brought by defendant in error on a written contract of guaranty executed and delivered to him by George HBombaugh, plaintiffs intestate, in his lifetime, to wit, on the 21st of February, 1866 ; his claim, under said guaranty, having been duly presented to the plaintiff as administratrix of the estate of said Bombaugh, and by her rejected March 15, 1872. To the petition in the case, filed in the Court of Common Pleas of Marion county, the plaintiff in error answered, interposing as a bar to the action a discharge in bankruptcy granted to the said Bombaugh in his-lifetime, to wit, on the 17th day of June, 1870, by the District Court of the United States for the Northern District of Illinois. To this answer, the plaintiff below replied, denying the jurisdiction of the District Court of tbe United States over him in the proceedings in bankruptcy, because he-was never served with, nor in fact had, any notice of said proceedings during their pendency, and that such notice to-him was prevented from being given by reason of the fraud of said Bombaugh in representing in his schedule of creditors tiled in said proceedings that the plaintiff’s place of residence was unknown to him, while he well knew at the time of filing< said schedule that plaintiff’s place of residence was at • El Paso, Illinois. To this reply the defendant below demurred, but her demurrer was overruled, and,, upon the trial, the plaintiff below was permitted, against, objections made by her, to offer evidence to the jury tending to sustain said reply.
The defendant below also asked the court to charge the-jury that the discharge in bankruptcy set forth in her answer is a complete bar to the plaintiff’s action, and can not he avoided in this court for fraudulent omissions of the residence of plaintiff from the schedule of debt, nor for *455 fraudulent prevention of notice of the pendency of proceedings in bankruptcy being given to the plaintiff. This charge the court refused to give, and instructed the jury on that point that if they should find that the bankrupt Bombaugh did omit the residence and post-office address of the plaintiff from his schedule of debts willfully and fraudulently with the intention of preventing the plaintiff' from obtaining notice of the pendency of the proceedings in bankruptcy, then the discharge set up in defendant’s answer is no bar to this action. This charge, and the refusal to charge as requested, was duly excepted to by defendant below. There was a verdict and judgment for plaintiff' in the sum of $1,524.37.
To reverse this judgment, the plaintiff in error filed her petition in error in the District Court of said county, alleging, among other things, that the Court of Common Pleas erred in overruling her demurrer to plaintiff’s reply; in admitting evidence in support of said reply; in refusing to charge the jury as requested, and in the charge given. The District Court affirmed the judgment of the Common Pleas, and we are now asked by plaintiff in error to reverse both judgments of the courts below.
In the case of Smith v. Ramsey, recently decided by this commission (ante 339), it was held that under the present bankrupt law of the United States the discharge of a bankrupt can be set aside for fraud in obtaining it, only by a direct proceeding for that purpose, pursuant to the provisions of its 34th section; and that such discharge can not be collaterally impeached on the ground that it was fraudulently or improperly obtained. The doctrine and principles upon which that decision rests must be decisive of the case now before us, unless the.grounds for impeaching the discharge differ so essentially in the two cases that the principles which control the one are inapplicable to the other.
In Smith v. Ramsey, the fraud alleged in the reply was a fraudulent’concealment by the bankrupt of property, and *456 withholding the same from the assignee in bankruptcy, and a fraudulent transfer and conveyance of property by the bankrupt in violation of the bankrupt act. In the case now before us, the fraud charged is that the bankrupt fraudulently prevented the plaintiff below from' obtaining notice of the pendency of the proceedings in bankruptcy, by falsely and fraudulently representing ¿n his schedules that plaintiff’s place of residence was unknown to him.
Now, the defendant in error claims, that though a fraud of the former kind may not be set up to impeach the discharge collaterally, yet that a fraud of the latter kind is sufficient to invalidate the discharge, whenever it is interposed as a bar to a creditor’s action in any court. And if the fraud be established, it renders the discharge invalid quoad the plaintiff, leaving it still valid and effectual as against other creditors. And so it seems to have been held in Batchelder v. Low, 43 Vt. 662. But this decision is in conflict with the general current of authoíúty, and, as we think, with the clear policy of the bankrupt act. The identical question under consideration recently came before the Supreme Court of Massachusetts, by whom it was held that “the validity of a discharge under the United States bankrupt act of 1867 can not be contested in a state court, even for fraudulent omission to give the plaintiff notice of the proceedings in bankruptcy.” Black v. Blazo, 117 Mass. 17.
In that case the court says : “ The case of Way v. Howe, 108 Mass. 502, is decisive against the plaintiff. In that ease the fraud alleged was a fraudulent conveyance by the bankrupt in violation of the bankrupt act, and the judgment of the court proceeded upon.the ground that the remedy given by application to a District Court of the United States, under the thirty-fourth section of the bankrupt act, is exclusive of any other mode of impeaching the validity of a discharge, either in the federal or the. state courts, on account of such fraud.
“The reasoning of the court upon which that judgment is founded applies with equal force to a case where the alleged *457 fraud is the fraudulent omission of the creditor’s name from the bankrupt’s schedule. This fraud, like a fraudulent conveyance of property, invalidates a discharge under the twenty-ninth section of the bankrupt law, and therefore furnishes a ground for an application to set it aside, under the thirty-fourth section. Burpee v. Sparhawk, 108 Mass. 111. The last named section provides, in the same breath, for a remedy to try the validity of a discharge in all cases of alleged fraud under the twenty-ninth section. It is impossible to hold that this remedy is exclusive in one class •of cases, and not exclusive in others. ”
In this reasoning of the Supreme Court of Massachusetts we fully concur, and think it unanswerable.
The twenty-ninth section of the bankrupt act provides that no discharge shall be granted, or if granted be valid, if in the proceedings to attain it the bankrupt has been ■guilty of any fraud whatever, contrary to the true intent of the act, and particularly specifies the fraud of willfully swearing falsely in the affidavit annexed to his petition, schedule or inventory, which is substantially the charge made against him in this case. The thirty-fourth section declares that a discharge duly granted under the ■act shall (with the exception of certain classes of debts, previously specified) release the bankrupt from all debts, claims, liabilities, and demands, which were or might have been proved against his estate in bankruptcy, and that the certificate shall be conclusive evidence in favor of the bankrupt of the fact and the regularity of such discharge; and then comes a proviso “ that any creditor or creditors of said bankrupt, whose ’debt, was proved or provable against the •estate in bankruptcy, who shall see fit to contest the validity of said discharge, on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to set aside and annul the same.” Then follow sundry provisions as to the mode of application, the specifications of the grounds of avoidance, the notice to the bankrupt, etc.; and upon proper proof on the hearing the court is author *458 ized to set aside and annul the discharge. If not thus: avoided, it becomes absolutely conclusive at the end of two' years ; for we think it clear that the right thus given to creditors can only be exercised in the mode and within thb time prescribed by the act which confers it.
The main purpose of the proceedings in bankruptcy is the proper distribution of the estate of the bankrupt among’ his creditors. The statute directs certain acts to be done, and publications to be made for the purpose of affording a reasonable opportunity of notice to the creditors. But the proceedings are, at least, so far in rem that actual notice to the creditors is not essential to the jurisdiction of the court; nor will the want of it invalidate the discharge which the court is empowered to grant to the bankrupt, when he is found to have honestly complied with the requirements of the act. If, by willfully making false schedules or affidavits, he prevents notice to a creditor, his discharge may be annulled for this as well as for any other of the fraudulent acts enumerated in the 29th section. And we perceive no ground on which the remedy specially given for that purpose can be held exclusive in the case of other fraudulent acts, and not exclusive in this particular case. '
It is true that it was held by the Supreme Court of Connecticut that the special remedy given by this act is in no case exclusive, and that the discharge may be attacked collaterally, whenever the bankrupt seeks to avail himself of it as a defense in any action. And such was, no doubt, the general holding of the courts under the bankrupt law of 1841, which provided no special mode for setting aside the discharge. But that the current of authority is otherwise, in cases arising under the law of 1867, appears not only from the decisions referred to in Smith v. Ramsey, but from others which might have been added. Stevens v. Brown, 49 Miss. 597; Black v. Blazo, 117 Mass. 17.
It follows that the District Court erred in affirming the judgment of the Court of Common Pleas, and the judgments of’ both courts must be reveled.

Judgment accordingly.

Day, Wright, Johnson, and Ashburn, JJ., concurred.