Leggett v. Barton.

---

FRANCIS H. LEGGETT ET AL. v. JOHN S. BARTON.

Debts fraudulently contracted are not discharged by proceedings for composition, under the seventeenth section of the act of congress of June 22d, 1874. The proceeding is one in bankruptcy, and the force of it to discharge debts is subject to the qualifications contained in section five thousand one hundred and seventeen of the United States Revised Statutes.

On demurrer to replication.

Argued at November Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiffs, *F. Adams.*

For the defendant, *Alward & Parrott.*

The opinion of the court was delivered by

KNAPP, J.   The defendant pleads, in bar of the claim sued on, that it is discharged through proceedings had in a competent court for a composition with his creditors, under the act of congress approved June 22d, 1874, in which proceeding the plaintiffs' demand was included in the schedule of his debts.

The plaintiffs reply that the debt was fraudulently contracted.

To this replication defendant demurs, and raises the question whether a debt fraudulently contracted is, like other provable debts, discharged by this proceeding.   Its decision depends on the construction to be given to the seventeenth section of the act of congress, entitled "An act to amend and supplement an act entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' approved March 2d, 1867, and for other purposes," approved June 22d, 1874.   It provides that in all cases of proceedings in bankruptcy pending, the creditors, at a meeting called under the direction of the court, may resolve to accept a composition offered by the debtor in satisfaction of their claims; that the debtor shall present a statement of his assets and debts, with the names and residences of creditors; upon filing which with the court, together with the resolution of acceptance, bearing the signatures of debtor and two-thirds in number and one-half in value of all the creditors, the court may decree its approval.   And it enacts that "the provisions of a composition accepted by such resolution, in pursuance of this section, shall be binding on all the creditors whose names and addresses, and the amount of the debts due to whom, are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed."

The language here quoted would, if standing alone, unrestricted in its force by other provisions of the bankrupt law, be broad enough to embrace fraudulently-contracted debts, and discharge them.   But the enactment forms part of the *system* of bankruptcy which congress, in the exercise of its

constitutional power, has established. The provisions of this seventeenth section are, by the terms of the act, to be *added to* the forty-third section of the act of 1867, of which it is amendatory. The forty-third section provides for administering the bankrupt's estate through the intervention of trustees.

The addendum authorizes an arrangement, under supervision of the court, for a dividend to be paid by the debtor to his creditors in lieu of the debtor's assets which he retains.

The payment is within the court's control: enforceable by its order and by attachment for disobedience. And the proceeding is, when concluded, made binding upon all creditors of the bankrupt, whether participants in the proceedings or not. It operates to discharge the debtor from his debts, (*In re Beckett*, 12 *B. R.* 201); and, having this force, it is clear that it is a proceeding in bankruptcy. *Vanuxen* v. *Hazelhurst*, 1 *South.* 192; *Oldens* v. *Hallett*, 2 *South.* 466; *Ballentine* v. *Haight*, 1 *Harr.* 197; *In re Lytle*, 14 *B. R.* 201.

But the thirty-third section of the act of 1867, standing as section five thousand one hundred and seventeen of the Revised Statutes of the United States, page 993, contains an important limitation upon the discharge of debts by proceedings in bankruptcy, and if applicable to the section authorizing composition, it is conceded that the replication demurred to must be adjudged good.

It enacts that " no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy." This section saves debts of the character stated not only from the operation of the usual *order of discharge* in bankruptcy, but it also denies to the debtor relief from such debts through any procedure under the bankrupt law having force to discharge debts. Its language is broad enough to take in as well newly-adopted schemes of discharge as those then existing. The bankrupt law is designed as an entire and consistent system. Its various parts and several enactments are to be construed together,

Leggett v. Barton.

having in view its general purposes, and to be so interpreted. that every part, if possible, may stand. *Sedg. on Stat. Const.* 226 ; *Ansonia Co.* v. *New L. Co.,* 53 *N. Y.* 125.

I discover no necessary conflict between the act providing for composition and this section. The new enactment offers a plan for discharging debts cumulative upon those provided in the original act. It presents no new rule for fraudulent debts. It adds an additional method of bankrupt proceeding, and leaves the debt through fraud where it finds. it. The language used in the seventeenth section, declaring the effect of composition. upon creditors, is no broader or more general that that found in section forty-three, to which it is' added ; and had the section been incorporated, in its present form, in the original act, no one can question that the limitations respecting fraud would have covered it. All that can be said in favor of the view of the demurrant is, that congress did not, in the supplement of 1874, re-enact in form the then existing limitation. This was not necessary to extend its force to the new enactment. Harmony in the whole legislation on the subject of bankruptcy is to be preserved only by giving it such force by construction. But congress has not, I think, left its intention in doubt. By adopting the plan of adding. it to section forty-three, (in the revision, as section five-thousand one hundred and three,) which clearly came under the fraud clause, and making that part of the new enactment to stand as a part of that section, it chose an appropriate and efficient means of evincing an intent to subject composition. proceedings to the force of the qualifying section, and to put the release of debts therein provided for, upon the same level. with every other method of discharge. The bankrupt law discountenances all fraud. It is designed for the relief of honest debtors. In its administration for their benefit, the utmost good faith and openness is exacted of them. Its manifest policy is to exclude the fraud-doer from its advantages, whether the fraud be in the creation of the debt, or in the pursuit of the methods through which his discharge is to be obtained.

Leggett v. Barton.

The intention to discharge debts fraudulently incurred, through the proceeding for composition, would be so marked a reversal of this general policy, that it should not be lightly inferred or drawn from other than unmistakable terms in the act. I find no words in the enactment which discloses such legislative intention; on the contrary, the words, as well as the spirit and reason of the thing, are against it.

A formal order of discharge through the more usual course of bankruptcy, or upon distribution through trustees, will not release such debts, although the creditor has proved them, and shared in the division of the estate.

Is it reasonable to suppose that congress intended to give to a resolution of composition greater efficacy in relieving from debts than to an absolute discharge in bankruptcy; or that the new procedure was designed to give exceptional relief to those whose debts were the offspring of fraud, embezzlement, breach of trust, or defalcation in office?

The position that composition under this law is no more than provision for a voluntary arrangement, fails to estimate the force of the law. The law would be needless for that purpose. This proceeding, it is true, has its inception in an offer by the alleged bankrupt, and acceptance by a certain proportion of the creditors. This serves to bring the proceeding within the jurisdiction of the court sitting in bankruptcy.

But the order of approval of the court operates under the law to discharge debts of non-assenting creditors, as well as those of participants in the act of acceptance. If this be not a bankrupt law, and the proceedings under it in bankruptcy, the whole is without effect to release debts, for congress cannot discharge debts by any other procedure. It would follow that defendant's plea offered no valid defence.

I find nothing in the act, as suggested by counsel, requiring creditors holding claims fraudulently contracted, to make known their character to the court, by way of objection to the order of approval, on pain of losing the rights which the thirty-third section saves to creditors; or that calls upon such creditors, when the court is considering the justice of, or the

interest of parties in the confirmation of the resolution, to litigate before the court whether it shall be granted or not, because of the fraud of the debtor in creating the debt. The law has not made that ground for refusal, nor left it to judicial discretion to determine, in any case, whether a debt belonging to this condemned class, shall be released, or stand against the debtor. If the law does not discharge his debt, the creditor can suffer no injustice, and has no interests imperiled by a confirmatory decree. It may be conceded as inadmissible to impeach, in a state court, any discharge in bankruptcy, on grounds which by law would prevent its allowance. *Way* v. *Howe*, 108 *Mass.* 502; *Black* v. *Blazo*, 117 *Mass.* 17; *Linn* v. *Hamilton*, 5 *Vroom* 305.

Fraud in the creation of particular debts is not ground for denying to a bankrupt his discharge, such debt not being affected by it.

*Bump on Bank.* 697, *note to* § 5110: "And the creditor may, in any court where a discharge is pleaded, show in reply that his debt is not affected by his discharge." *Linn* v. *Hamilton, supra.*

There is a dearth of authority on this question. Under the English debtors' act, (32 and 33 *Vict., ch. LXII.,* § 15,) fraudulently incurred debts, by express terms in the act, remain unaffected by composition, except so far as they are reduced by the amount paid to the creditor.

In the case of *Wells* v. *Lampsey,* decided in the Supreme Court of New Hampshire, 16 *N. B. R.* 205, the question arose, as here, on demurrer to a replication, alleging fraud in the contraction of the debt. It was held that composition worked a complete discharge of debts, and that debts fraudulently contracted are within its force. Reasons are given and cases are referred to by the learned judge, fully sustaining the first proposition, but they fail, as I think, to establish the other, or give ground for the belief that congress contemplated such a result.

I think the replication is good, and the demurrer should be overruled.