### J. M. DAUGHERTY v. JACOB STRAUSS & Co.

(No. 1605, Op. Book No. 2, p. 42.)

APPEAL from Grayson County.   Opinion by QUINAN, J.

§ 892. *Partnership; bankruptcy.* Bankruptcy puts an end to a partnership by operation of law. The bank-

rupt ceases to have any power or dominion over his property and effects in the partnership, and it is transferred to his assignee, who succeeds to all his rights and interest therein. The assignee is deemed a tenant in common with the other partners in all such property and effects, subject to the rights and claims of the other parties. [Story on Part. 515; Amsinck v. Bean, 22 Wall. 408; Wilkins v. Davis, 15 N. B. R. 64.] The bankruptcy of necessity disposes of all the bankrupt's property, and one part of that is his interest in any partnership firm; and each member of a copartnership is liable as well for the debts of the partnership as his individual debts. It is a necessary result that the creditors of a partnership may, and indeed must, prove up their claims against his estate in bankruptcy in accordance with the requirements of the bankrupt law, if they would share in the distribution of his assets, and so it has been held in numerous cases. [In re Price, 3 Dillon, 295; Stephenson v. Jackson, 9 N. B. R. 255; Law v. Richards, 11 N. B. R. 590; Blum on Bankruptcy, 267, 268; Bump on Bankruptcy, 243; 1 Dillon, 33; In re Downing, 3 N. B. R. 753.]

§ 893. *Bankruptcy; discharge in; effect of.* A discharge in bankruptcy of a member of a copartnership releases him not only from his individual debts, but from the debts of the firm. His individual bankruptcy operates as well upon his liability for the copartnership indebtedness as upon his individual indebtedness, and his certificate of discharge is pleadable in bar of either. [Rev. Stats. U. S. §§ 5714, 5712, 5718; In re Downing, 3 N. B. R. 753.] It has been settled for more than a century and a half, that if one member of a firm become bankrupt and obtain his discharge, he is released from all his joint debts and liabilities. [Wilkins v. Davis, 15 N. B. R. 62; Rayl v. Lapham, 15 N. B. R. 500; Black v. Blazo, 117 Mass. 17; Rev. Stats. U. S. sec. 5719; Way v. Howe, 108 Mass. 502.]

§ 894. *Discharge in bankruptcy; conclusiveness of.* The authority to set aside and annul a discharge in bank-

ruptcy conferred upon the federal courts is incompatible with the exercise of the same power by a state court, and the former is paramount. [Bump on Bankruptcy, 774.] Therefore, whether it was regular to grant the bankrupt a discharge from all debts and claims against him or not, or whether it was incumbent upon him to report in his schedule all his assets and all his liabilities, or whether he was guilty of fraudulent concealment of his property, are matters which were within the jurisdiction of the court which granted his discharge, and cannot be reopened or again inquired into by a state court.

May 6, 1880.                    Reversed and remanded.