MARY C. BAILEY and another *vs.* WILLIAM W. CORRUTHERS and trustee.

Cumberland.   Opinion May 7, 1880.

*Bankrupt's discharge — cannot be contested in State court.*

The validity of a discharge under the United States bankrupt act, cannot be contested in the State court for the intentional and fraudulent omission of the plaintiffs' names in the list of creditors and the fraudulent omission to give them notice of proceedings in bankruptcy.

The validity of a discharge can only be impeached in the District Court of the United States, in which it is granted.

ON EXCEPTIONS from superior court, Cumberland county.

ASSUMPSIT on account annexed to recover the sum of $219.30. The writ is dated November 7, 1878.

Plea, general issue, and brief statement alleging discharge in bankruptcy.

The plaintiffs filed a counter brief statement, alleging that the defendant intentionally and fraudulently omitted their names

from his schedule of liabilities, filed by him in the bankrupt court, to the correctness of which he willfully swore falsely, and the plaintiffs had no knowledge of the bankrupt proceedings, and no benefit from the dividend paid from the bankruptcy.

The plaintiffs offered evidence to prove the allegations of their counter brief statement, but it was excluded as inadmissible, and on motion a nonsuit was ordered, and plaintiffs alleged exceptions.

*A. J. Blethen*, for the plaintiffs.

This court in *Symonds* v. *Barnes*, 59 Maine, 191, say, "it must appear that the omission was fraudulent, and the affidavit willfully false." That is just what we alleged, and offered to prove in the case at bar, but the presiding judge excluded the evidence. In re *Myron Rosenburg*, 2 N. B. R. 241.

We are aware that the court in Massachusetts has decided against the position we take, but no grounds were given for the decision, and we submit it is not entitled to the weight of the court in Vermont, where this very question was raised, and was ably discussed in an opinion by WHEELER, J., and the conclusion reached, that a discharge in bankruptcy can be attacked in a state court. *Batchelder* v. *Low*, 43 Vt. 662, S. C. 8 B. R. 571.

That accords with equity and justice and will prevent this defendant from obtaining a discharge in bankruptcy in Missouri, fraudulently keeping all knowledge of the proceedings from creditors in Maine, and then saying to a Maine creditor, who has obtained jurisdiction over him in his state court, "you must go to Missouri, 2000 miles away from home, if you would impeach my discharge in bankruptcy."

*C. P. Mattocks*, for the defendant.

APPLETON, C. J.   This is an action on an account annexed, to which the defendant pleads in bar a discharge in bankruptcy. The plaintiffs reply that the defendant intentionally and fraudulently omitted their names from the list of creditors, — that they had no notices of the proceedings in bankruptcy, and that the discharge was obtained through fraud, and they offered evidence to prove the facts set forth in their replication, which the court ruled to be inadmissible, and a nonsuit was entered.

The discharge is in due form. The validity of the discharge can only be contested in the court granting the same. R. S., U. S. § 5120. This court has no jurisdiction to declare the discharge void. The authority of congress over the subject of bankruptcy, is paramount to that of the state. The statute of the United States determines when and where a discharge may be impeached. The mode of impeachment provided by congress, excludes any other. In *Corey* v. *Ripley*, 57 Maine, 69, it was held that the authority to set aside, and annul a discharge in bankruptcy conferred upon the federal courts is incompatible with the exercise of the same power by the state courts. The same view of the law was taken by the supreme court of Massachusetts in *Way* v. *Howe*, 108 Mass. 502; by the court of appeals of New York, in *Ocean National Bank* v. *Olcott*, 46 N. Y. 12; and by the supreme court of New Hampshire, in *Parker* v. *Atwood*, 52 N. H. 181. The precise question raised in this case, was determined in *Black* v. *Blazo*, 117 Mass. 17, when it was decided that a fraudulent omission to give the plaintiff notice of proceedings in bankruptcy, could not be given in evidence in the state courts, to impeach a discharge regular upon its face. The discharge can only be impeached in the district court of the United States.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.