JOHN B. KEMPTON, administrator, *vs.* WILLIAM E. SAUNDERS.

Middlesex.  January 11. — 12, 1881.  COLT & AMES, JJ., absent.

The St. of 1879, *c.* 245, § 4, making a certificate of discharge in insolvency con
clusive evidence of the fact and regularity of the discharge, unless annulled by
the court which granted it, is constitutional, and is applicable to a certificate
granted after its passage upon proceedings begun before.

CONTRACT on a judgment recovered January 23, 1879, for
$2497.32.   Answer, a certificate of discharge granted by the
Court of Insolvency, October 9, 1879, under proceedings com-
menced February 21, 1879.   Writ dated November 5, 1879.

At the trial, without a jury, in the Superior Court, before
*Pitman,* J., the plaintiff admitted the facts stated in the answer ;
and, for the purpose of avoiding the certificate of discharge,
offered to show that it was invalid for the reasons set forth in
the Gen. Sts. *c.* 118, § 87.   But the judge ruled that the evi-
dence was inadmissible, because, by the St. of 1879, *c.* 245, § 4,*
the certificate was final and conclusive, and could not be im-
peached in the Superior Court.

The plaintiff also asked the judge to rule that the St. of 1879,
*c.* 245, § 4, was unconstitutional and void.   But the judge ruled
that it was constitutional and valid, and found for the defendant,
and ordered judgment accordingly ; and the plaintiff alleged
exceptions.

*G. W. Park,* for the plaintiff.   1. A discharge in insolvency
takes effect as of the date of the commencement of the proceed-
ing.   *Cook* v. *Shearman,* 103 Mass. 21.   The St. of 1879, *c.* 245,
went into force on May 22, 1879, and could not affect a dis-
charge obtained October 9, 1879, in proceedings begun February
21, 1879.   *Garfield* v. *Bemis,* 2 Allen, 445.   *North Bridgewater
Bank* v. *Copeland,* 7 Allen, 139.   *Abington* v. *Duxbury,* 105 Mass.

---

* This act, which was passed April 22, 1879, contains these provisions:
" The certificate shall be conclusive evidence in favor of such debtor of
the fact and regularity of such discharge.   Any creditor of a debtor whose
debt was proved or provable against the estate in insolvency, who desires
to contest the validity of the discharge on the ground that it was fraudu-
lently obtained, may at any time within two years after the date thereof
apply to the court which granted it to annul the same."

287.  *Fickett* v. *Durham,* 119 Mass. 159.  *Hill* v. *Duncan,* 110 Mass. 238.

2. The St. of 1879, *c.* 245, cannot affect the plaintiff's judgment recovered January 23, 1879, it being a contract, and protected from such subsequent acts of a State Legislature by the Constitution of the United States.  *Sturges* v. *Crowninshield,* 4 Wheat. 122.  *Foster* v. *Shaw,* 2 Gray, 148.  *Bigelow* v. *Pritchard,* 21 Pick. 169.  *Washburn* v. *Bump,* 10 Met. 392.

3. The plaintiff was entitled to a jury trial of the facts, which, if established, would enable him, under the Gen. Sts. *c.* 118, § 87, to recover, notwithstanding the discharge.  No jury trial can be had in the Court of Insolvency; *Lancaster* v. *Choate,* 5 Allen, 530; and, the creditor having no appeal on the question of discharge, the St. of 1879, *c.* 245, is unconstitutional in so far as it purports to make the discharge conclusive, without providing any other method of trial.  Declaration of Rights, arts. 12, 15.  *Charles River Bridge* v. *Warren Bridge,* 7 Pick. 344. *Jackson* v. *Kimball,* 121 Mass. 204.

*W. B. Durant,* for the defendant, was not called upon.

GRAY, C. J.  The whole effect of the St. of 1879, *c.* 245, § 4, is to introduce into the insolvent law of the Commonwealth a provision like that of the recent bankrupt act of the United States, affording a prompt and effectual method of annulling a certificate of discharge by application to the court which granted it; and to prevent its validity from being impeached in any other court.  *Way* v. *Howe,* 108 Mass. 502.  *Burpee* v. *Sparhawk,* 108 Mass. 111.  *Black* v. *Blazo,* 117 Mass. 17.  The statute does not affect any vested right, nor impair the obligation of any contract, but is a mere regulation of the form of remedy, and is applicable, at the least, to all certificates granted after its passage.

There is no constitutional right to a trial by jury of the facts upon which a certificate of discharge may be granted or annulled by a court of bankruptcy or insolvency.  The Constitution of the Commonwealth affirms the right of trial by jury "in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised."  Declaration of Rights,

art. 15. Proceedings in bankruptcy or insolvency are not according to the course of the common law. By the laws of England before the American Revolution, as well as by those of the Province of Massachusetts Bay while there was any bankrupt act in force here, proceedings in bankruptcy appear to have been within the summary jurisdiction of the Chancellor, or of commissioners of bankruptcy, without trial by jury of the facts upon which a certificate should be granted or revoked. And we are not aware of any case, before the adoption of the Constitution of the Commonwealth, in which the validity of a certificate of discharge granted in due form was permitted to be impeached upon a trial by jury in an action at common law. Vin. Ab. Creditor & Bankrupt, S. a. *Anon.* Davies Bankr. Law, 437; cited 2 Rose, 187 note. *Lewis* v. *Chase*, 1 P. Wms. 621. *Ex parte Williamson*, 1 Atk. 82; *S. C.* 2 Ves. Sen. 249. 2 Bl. Com. 480, 483. 3 Bl. Com. 428. Prov. St. 1713–14 (12 Anne) *c.* 14, § 10; 1 Prov. Laws (State ed.) 726, 728.

*Exceptions overruled.*