HENRY FULLER *vs.* CLAUDIUS A. PEASE.

Suffolk.    Jan. 18. — May 7, 1887.    HOLMES & GARDNER, JJ., absent.

The validity of a discharge under the United States bankrupt act of March 2,
    1867, cannot be contested in an action by a creditor against the bankrupt in
    a state court, even if the bankrupt wilfully and fraudulently omitted the cred-
    itor's name from his schedule of creditors, and the creditor had no knowledge
    of the proceedings in bankruptcy, until it was too late to make application to
    the United States court, as provided in § 34 of the above statute.

CONTRACT upon a promissory note for $2000, dated July 6, 1872, payable to the plaintiff in one year from date, signed, in the presence of a witness, by Susan M. Van Doren, containing indorsements of interest paid, and having the defendant's name on the back, and also under a guaranty of the payment of the note dated July 8, 1873.    The declaration contained three counts : the first against the defendant as an indorser; the second, as a guarantor ; and the third, as a maker.    Writ dated June 4, 1885.    The answer set up a discharge in bankruptcy, granted on April 15, 1879, under the U. S. St. of March 2, 1867.

By order of the court, the plaintiff filed a replication to the defendant's plea of a discharge in bankruptcy, as follows : " The plaintiff further states, that if such a discharge has been granted the defendant in the manner stated in his answer, then such discharge was obtained without the knowledge of the plaintiff, who avers that he received no notice in any manner of the filing of defendant's petition in bankruptcy, if any such was filed by him ; and further, that he had no knowledge of said petition either at the filing or during the pendency thereof, or any knowledge of any of the proceedings, if any, founded thereon, and if any such proceedings were ever had, the plaintiff's claim was not included in the defendant's schedule of creditors, and that such omission was made knowingly, wilfully, and fraudulently by the defendant ; so that if the defendant shall prove the fact of his discharge in bankruptcy as alleged, then the plaintiff says it in no manner constitutes a defence to this cause of action."

Trial in the Superior Court, without a jury, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence from the attesting witness to the note, that it was signed in his presence by Susan M. Van Doren, the maker, and by the defendant on the back of the note on the same occasion, and was then signed by him as witness, in their presence, before delivery to the payee.

The signature of the defendant to the writing, dated July 8, 1873, on the back of the note, was also proved.

The discharge in bankruptcy set up in the defendant's answer was put in evidence ; and also a certified copy of the defendant's schedule of creditors, from which the plaintiff's claim was omitted. Evidence was introduced tending to prove the other facts alleged in the replication. The plaintiff further testified that he had no knowledge of the defendant's discharge in bankruptcy until the expiration of the year 1881, over two years from the date of the same ; that during the interval from the maturity of the note up to the expiration of the year 1881, the plaintiff had frequent interviews with the defendant, in which the defendant made numerous allusions to the plaintiff's claim, saying, among other things, " I have not forgotten you; I shall never forget your kindness, and I hope soon to be able to pay all my creditors."

No other evidence was introduced as to the time when the defendant's liability as guarantor became absolute.

The plaintiff requested the judge to give several rulings, of which the following were those insisted upon at the argument : " 2. If the defendant knew, at the time of filing his schedule in bankruptcy, that the plaintiff was a creditor, and wilfully and fraudulently omitted his name from the schedule, and if the plaintiff had no knowledge of the defendant's bankruptcy proceedings until after two years from his discharge, the plaintiff, as a matter of law, is not a party to the proceedings, and the discharge is not *res adjudicata* as to him. 3. If the defendant wilfully and fraudulently omitted the plaintiff's name from his schedule in bankruptcy, and the plaintiff had no notice of the bankruptcy proceedings until after two years from the defendant's discharge therein, such discharge is not necessarily a bar to the plaintiff's claim, and may be inquired into by this court. 4. If the defendant wilfully and fraudulently omitted the plaintiff's name from his schedule in bankruptcy, and, by reason of the defendant's conduct, the plaintiff was kept in ignorance of

the defendant's discharge until the time for impeaching the same in the United States District Court had elapsed, the defendant is estopped by such fraud from pleading his discharge in this court."

The judge declined so to rule; found, as a fact, that the defendant was absolutely liable on the note before the commencement of his proceedings in bankruptcy; ruled that all the facts set up in the replication, or offered in evidence by the plaintiff, if admitted to be true, could not be availed of by the plaintiff to invalidate the discharge as to the plaintiff's claim, and would not estop the defendant from pleading the same in this court; and found for the defendant. The plaintiff alleged exceptions.

*C. H. Drew & A. M. Lyman*, (*C. F. Perkins* with them,) for the plaintiff.

*F. T. Benner*, for the defendant.

C. ALLEN, J. It has been held in several cases that the only mode of contesting the validity of a discharge granted under the United States bankruptcy act (U. S. St. of March 2, 1867,) is in the mode provided in § 34, by application made within two years in the United States District Court. *Way* v. *Howe*, 108 Mass. 502. *Black* v. *Blazo*, 117 Mass. 17. *Kempton* v. *Saunders*, 130 Mass. 236. The plaintiff seeks to distinguish the present case from the above, on the ground that the present plaintiff did not know of the granting of the discharge, or of the institution of the proceedings in bankruptcy, till after it was too late to make such application in the United States District Court; and that the defendant, having fraudulently omitted to insert the plaintiff's name in his schedule of creditors, is estopped to rely on the discharge. But we are of opinion that this distinction will not avail. It was the intention of the bankruptcy act that the granting and the validity of a discharge to the bankrupt should be determined only in the United States courts. In addition to all the personal notices which are to be given, notices by publication in such newspapers as the court may order must be given of the issuing of the warrant, of the appointment of the assignee, and of the application for a discharge. U. S. Rev. Sts. §§ 5019, 5054, 5109. This, in contemplation of the statute, is deemed sufficient for

the protection of creditors, and vests jurisdiction in the court to determine the question of the granting of the discharge. A discharge granted after such notice is duly granted, and is effectual to release the bankrupt from all claims which were provable against his estate, with certain exceptions not now material; subject, however, to revision upon the application of a creditor within two years. The language of § 34, (U. S. Rev. Sts. § 5119,) as to the effect of a discharge, is broad and sweeping. The creditor is bound by the public notice given, in the same way as is a debtor of the bankrupt who has been fraudulently induced to pay his debt to the latter, after publication of the notice of the issuing of the warrant. *Stevens* v. *Mechanics' Savings Bank*, 101 Mass. 109. To hold that the defendant is estopped from setting up his discharge against the plaintiff would be equivalent to importing an exception into the statute, not contemplated by its provisions. *Exceptions overruled.*