JOHN C. HEIM *vs.* RICHARD H. CHAPMAN.

Barnstable. March 3, 1898. — May 23, 1898.

Present: ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Promissory Note — Payment on Account — Statute of Frauds — Discharge in Bankruptcy as a Bar to an Action — Fraud.*

The intentional omission by a bankrupt of the name of the holder of his promissory note from the schedule of his creditors in proceedings in bankruptcy under U. S. Rev. Sts. §§ 4972–5132, and the payment during the proceedings of money on account of the note by the bankrupt to the creditor, who was ignorant of those proceedings prior to beginning an action on the note, do not prevent the bankrupt from setting up his discharge in bankruptcy as a bar. The payment did not constitute a new promise in writing within Pub. Sts. c. 78, § 3, and the fact that it may have been made with fraudulent intent does not avoid the discharge.

CONTRACT, upon a promissory note. The case was submitted to the Superior Court, and, after judgment for the defendant rendered by *Wardwell, J.,* to this court on appeal, upon agreed facts, in substance as follows.

The defendant was the maker and the plaintiff the payee of the note, which was for one hundred dollars, and was dated December 6, 1870. The defendant filed a petition in bankruptcy in the United States District Court within and for the District of Massachusetts, under U. S. Rev. Sts. §§ 4972–5132, on July 26, 1873, which contained a schedule sworn to by the defendant, purporting to set forth a correct list of each and every one of his creditors, but from which he intentionally omitted the name of the plaintiff and any statement of the plaintiff's claim. On March 21, 1874, the defendant met the plaintiff, and paid him ten dollars on account of this note. On October 5, 1874, the defendant received his discharge in bankruptcy. The plaintiff did not know anything of the bankruptcy proceedings prior to the beginning of this action, which proceedings were regular and conformable to law, except so far as the failure of the defendant to make any return of the plaintiff's claim may be an irregularity. The statute of limitations had not run in favor of the defendant, by reason of his absence from the Commonwealth.

If a discharge in bankruptcy under the foregoing circumstances was a valid defence, judgment was to be entered for the defendant; otherwise for the plaintiff.

*R. A. Hopkins*, for the plaintiff.

*C. C. Paine*, for the defendant.

MORTON, J. The sole question in this case is whether the intentional omission of the plaintiff's name by the defendant from the schedule of his creditors in the bankruptcy proceedings, and the payment by the defendant to the plaintiff on the note during their pendency, prevents the defendant from setting up the discharge as a bar. The only respect in which this case differs from other cases in which a similar question has been considered by this court consists in the fact of the payment. See *Fuller v. Pease*, 144 Mass. 390; *Kempton v. Saunders*, 130 Mass. 236; *Black v. Blazo*, 117 Mass. 17; *Way v. Howe*, 108 Mass. 502.

But that did not constitute a new promise in writing within Gen. Sts. c. 105, § 3, now Pub. Sts. c. 78, § 3, which were then in force. *Jacobs v. Carpenter*, 161 Mass. 16. And the fact that the payment may have been made with fraudulent intent does not avoid the discharge. *Fuller v. Pease*, 144 Mass. 390.

*Judgment for the defendant.*