BESSIE K. NATHAN *vs.* DANIEL T. S. LELAND.

Suffolk. December 12, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Frauds, Statute of. Bankruptcy. Contract,* Performance and breach.

Under R. L. c. 74, § 3, a plaintiff can recover on a new promise to pay a debt barred by a discharge in bankruptcy only by showing a definite and unequivocal promise in writing to pay such debt signed by or in behalf of the defendant. Expressions of a willingness to pay and of an expectation of financial ability to make payments on the debt are not sufficient.

The expressions in a letter written and signed by a bankrupt " I shall be able to make you a voluntary payment of at least $5 per month and I hope after six months time to be able to increase the amount. . . . I have so arranged matters with my assignee that there will be nothing to prevent my regular payment of $5 per month on old account," contain no absolute promise to pay a debt barred by the writer's discharge in bankruptcy sufficient to satisfy the requirement of R. L. c. 74, § 3.

A letter written and signed by a bankrupt in which he writes " I am sorry to say to you that the payments on your former account I shall not be able to make immediately as I wished to do," and says at the close " You are not to regard yourself as in any danger of losing the amount, as long as I hold my present position, because I have promised in time to take care of it, but I must have time to do it, as it will be done as fast as resources will allow " contains a distinct and unqualified promise to pay by instalments a debt barred by the writer's discharge in bankruptcy sufficient to satisfy the requirement of R. L. c. 74, § 3.

The plaintiff in an action of contract upon a new promise of the defendant to pay
by instalments a debt barred by the defendant's discharge in bankruptcy, if he
proves such a promise in writing signed by the defendant sufficient to satisfy
the requirement of R. L. c. 74, § 3, can recover only the instalments of the
debt which in accordance with the new promise of the defendant were payable
at the date of the writ.

CONTRACT, the first count on an account annexed for $118.75
and interest thereon, and the second count alleging that the
defendant purchased clothes and jewelry from the plaintiff
according to the account annexed, that on August 9, 1902, the
defendant was adjudicated a bankrupt and thereafter was dis-
charged, and that on August 27, 1903, and at subsequent times
the defendant promised in writing to pay said indebtedness in
payments of not less than $5 a month. Writ dated December
14, 1904.

The defendant's answer contained a general denial and pleaded
the defendant's discharge in bankruptcy.

In the Superior Court the case was tried before *Sherman, J.*,
without a jury.

It appeared in evidence that the defendant before August,
1902, was indebted to the plaintiff in substantially the sum of
$200 for various purchases of merchandise of a personal nature
such as clothes and jewelry upon an open account; that on
August 9, 1902, the defendant was adjudicated a bankrupt in the
United States District Court for the District of Massachusetts;
that the plaintiff was set forth in the schedule of the defendant's
creditors as a creditor upon an open account, and that the
plaintiff as such creditor had sufficient notice of the bankruptcy
of the defendant; that on August 8, 1903, the defendant re-
ceived his discharge in bankruptcy; that some time in Octo-
ber, 1902, the defendant entered into a new contract with the
plaintiff for the purchase of goods and merchandise amounting
in purchase price to $60.50; that the defendant agreed to pay
such contract price in equal monthly instalments of $5 each;
that at the time of entering into the contract the defendant
signed certain papers which are not material to the present
issue; that at the time he had a conversation with some repre-
sentative of the plaintiff in relation to the new account of $60.50
and that the plaintiff's representative informed the defendant

that credit would not be given to him unless he agreed to pay up the indebtedness which had been barred by bankruptcy proceedings; that thereupon the defendant did agree orally to pay up the indebtedness barred by the bankruptcy proceedings; that the defendant made regular monthly payments upon the sixty dollar contract, so called, until he had paid the sum of $55 and thereupon ceased, the defendant assuming and believing that the original contract price was $55 instead of $65.50.

It was admitted that the account which was the basis of the present action was for the entire amount owed by the defendant to the plaintiff including the amount barred by the bankruptcy proceedings together with the amount of the new contract, $60.50, or a total of $245.20 with a credit for the $55 paid by the defendant.

The defendant wrote the plaintiff certain letters, the material parts of which were attached to the bill of exceptions and marked Exhibit A. There was no evidence of any letters from the plaintiff to the defendant replying to the letters marked Exhibit A except what appears in the letters, but there were conversations assenting to the arrangement referred to in the letters.

At the close of the evidence the defendant, admitting that he was liable to the extent of $5.50 and no more, asked the judge to rule as follows:

" 1. That upon all the evidence the defendant is entitled to a verdict.

" 2. That no promise has been made by the defendant to pay the debt of the plaintiff barred by bankruptcy proceedings, in clear, expressed, unequivocal and unqualified language.

" 3. That no promise of the payment of the debt claimed by the plaintiff was made by the defendant that would comply with R. L. c. 74, § 3.

" 4. That in the event of the court finding that such promise was made by the defendant to the plaintiff as required by R. L. c. 74, § 3, to avoid bankruptcy proceedings, then the plaintiff can recover only $5 a month for a period of nineteen months."

The judge refused the first, second and third requests of the defendant and made the fourth ruling as requested by him.

He found for the plaintiff in the sum of $103 ; and the defendant alleged exceptions.

It was agreed by the parties, as a part of the bill of exceptions, that if the rulings of the judge were right, judgment should be entered on the findings; otherwise, that judgment should be entered for the plaintiff in the sum of $5.50, or such judgment should be entered as law and justice might require.

Exhibit A contained the following extracts from letters signed by the defendant:

Letter mailed to Nathan and Hurst, dated February 5, 1903 :

" The reason of my failing to make my usual payment this month is that I was obliged to close up a note on which I have been making larger (for me) instalments. There will, after this, to the best of my belief, be no interruptions or hindrance to paying regularly every month, in fact, I am getting fairly well straightened out, having, I trust, got through the worst."

Letter mailed to Nathan and Hurst dated August 27, 1903 :

" I have just received notice that the Court of Bankruptcy has been pleased to grant my discharge in bankruptcy, and by this act I am relieved of further responsibility in the matter of the claims against me mentioned in my schedule. I have succeeded during the past year in settling about $900 worth of secured notes, and still have about $800 more for which ample time is to be given me.

" About other unsecured claims, my resources for the coming year will not allow me to hold out any prospect of payment except in your case ; I shall be able to make you a voluntary payment of at least $5 per month and I hope after six months time to be able to increase the amount.

" What with settling up with my lawyer and adjusting matters with my assignee, I have no funds left over this month, and shall have to omit one payment, but only for this time.

" Commencing with next month, I have so arranged matters with my assignee that there will be nothing to prevent my regular payment of $5 per month on old account. All my other unsecured creditors will have to wait developments."

Letter mailed Nathan and Hurst dated December 3, 1903 :

" I am sorry to say to you that the payments on your former

account I shall not be able to make immediately as I wished to do, until I have got rid of certain notes which my salary is held as security for.

"During the past 15 months, since my affairs went into the hands of the Court, I have been able to pay (including Court expenses and legal fees) obligations amounting close to $1000. This has been done out of an income of $1700 for the 15 months and has thus left me less than $500 per annum to live on and pay expenses in order to earn my pay and do my work. Under these circumstances, I must have time on those accounts which are not secured. When you come to see that I have had less than $10 per month (and sometimes not that) to put in my pocket for ordinary current expenses, you will see how impossible it is for me to pay anything now and retain enough to keep me working. I have just paid a note of $100 and have two others to attend to during the next five months. When these are paid, and my salary reverts to my possession, I shall be in a position to say what I can do for you.

"No one regrets more than I do that I cannot do as I desired and proposed, but I cannot do the impossible.

"Mr. Jennings, my counsel, will inform you, if you see him, of what I have accomplished and what I can in the future do. You are not to regard yourself as in any danger of losing the amount, as long as I hold my present position, because I have promised in time to take care of it, but I must have time to do it, as it will be done as fast as resources will allow."

Letter mailed to Nathan and Hurst, dated April 16, 1904:

"Yours at hand. I am sorry that you are hit by the Union Trust and hope that it is only temporary. A reference to the morning's Herald will show you that I am in a small matter of litigation in the Superior Court which while not serious permanently, is still expensive. I had calculated to do something for you in the Fall, when I should be somewhat free from present pressure, but until this matter is settled I do not feel able to do anything.

"I shall not keep you waiting a moment longer than I can possibly help."

*M. L. Jennings*, for the defendant.

*W. H. Brown*, for the plaintiff.

BRALEY, J.    Before the enactment of the original St. of 1856, c. 18, which by re-enactment is now embodied in R. L. c. 74, § 3, the oral evidence that the defendant unreservedly agreed to pay the indebtedness as a means of obtaining further credit despite the proceedings in bankruptcy, would have been sufficient to establish the plaintiff's claim.   *Pratt* v. *Russell*, 7 Cush. 462. *United Society* v. *Winkley*, 7 Gray, 460.   The object of the statute is, that by substituting a written for an oral promise, debtors might be relieved from being harassed by vexatious litigation, based on an effort to establish a continuing liability solely by conversations between the interested parties where on one side an attempt was made to hold the debtor notwithstanding his discharge as on a new promise by which he waived its benefit, and on the other to show that beyond a recognition by him of a moral obligation, and a willingness to pay his debt in full, nothing further was understood or undertaken.   But before as well as since the statute, to revive a liability which otherwise had been legally discharged, the promise must be definite and unequivocal, and however strongly expressed neither an intention to pay old debts, nor a part payment on account are of themselves sufficient.   A promise may be given after the bankruptcy proceedings are instituted, and is enforceable although subsequently a discharge is obtained.   *Lerow* v. *Wilmarth*, 7 Allen, 463.   *Merriam* v. *Bayley*, 1 Cush. 77.   *United Society* v. *Winkley*, *ubi supra*.   *Jacobs* v. *Carpenter*, 161 Mass. 16, 20, and cases cited.   *Heim* v. *Chapman*, 171 Mass. 347.   But having obtained a discharge the defendant was relieved from any further liability on a debt which was provable, unless his letters contained a definite agreement to pay the amount.   The first two letters and the fourth while expressing a willingness and an expectation of financial ability to make payments contain no expression of an absolute undertaking, although the second contains a statement that if certain arrangements result as anticipated there " will be nothing to prevent my regular payment . . . on old account." If by implication this phrase refers to an oral promise it is not of itself a promise in writing.   But the third letter after again referring to his pecuniary efforts, and ability to make payments, distinctly says at the close, " you are not to regard yourself as in any danger of losing the amount, as long as I hold my present

position, because I have promised in time to take care of it, but I must have time to do it, as it will be done as fast as resources will allow." As the statute does not extend beyond the requirement of evidence of a continuing promise in some writing signed by the debtor or by his authority, no precise form of statement is necessary, and the intention and obligation of the debtor must be gathered from the phraseology he chooses to use. By the language employed the defendant stated positively that he had undertaken and then undertook to liquidate the debt, and as this acknowledgment constitutes a distinct and unqualified promise his first, second and third requests for rulings were refused rightly. *Cook* v. *Shearman,* 103 Mass. 21. *Bigelow* v. *Norris,* 139 Mass. 12, 13. *Custy* v. *Donlan,* 159 Mass. 245, 246. *Champion* v. *Buckingham,* 165 Mass. 76, 79.

In promising to pay the remainder by monthly payments the measure of the defendant's liability was not diminished although as the court correctly ruled in accordance with his fourth request only the instalments which were in arrears at the date of the writ could be recovered. *Gillingham* v. *Brown,* 178 Mass. 417, 422.

The exceptions must be overruled, and in accordance with the agreement of the parties judgment is to be entered for the plaintiff on the finding.

*So ordered.*